(73 App. Div. 441.)

## GEARY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 13, 1902.)

1. DEATH OF FIREMAN—STREET RAILWAY COLLISION—CONTRIBUTORY NEGLIGENCE.

Where a fireman, riding on a hook and ladder truck to a fire, sees, when the truck is about halfway across the tracks of a street railroad, that there will be a collision between the truck and a car, and jumps, but is killed by the truck being precipitated on him, the jury is warranted in finding no contributory negligence.

2. SAME—NEGLIGENCE.

Where, in an action for the death of a fireman owing to a collision, at the intersection of streets, between a hook and ladder truck and a street car, there was evidence that if the car had been under control, or the motorman had been keeping a proper lookout, the accident would not have happened, and that the truck should have been allowed to pass first, a verdict for plaintiff should not be disturbed.

3. SAME—DAMAGES—WIDOW'S PENSION.

In assessing damages for the death of one employed in a city fire department, the jury should not consider the pension his widow is receiving from the city.

4. SAME—EVIDENCE—PROSPECTS OF DECEASED.

In an action for the death of one employed in a city fire department, it appearing that deceased had risen four grades in the service, and was strong and of steady habits, evidence showing the different grades of advancement above the position held by deceased was admissible, it being proper for the jury to consider the prospects of his being advanced and earning a greater salary.

5. SAME—SALARIES OF HIGHER POSITIONS.

Advancement in the department being based on competitive examinations, and advanced positions requiring other qualifications than those required by deceased's position, it was error to admit evidence as to the salaries of higher positions in the department.

O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by Annie Geary, as administratrix of John Geary, deceased, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

John C. Robinson, for respondent.

LAUGHLIN, J. This is an action under the statute to recover for the death of John Geary, alleged to have been caused by the negligence of the defendant. The decedent was a member of the fire department of the city of New York, assigned to duty with hook and ladder No. 2 at Fiftieth street and Lexington avenue. On the 21st day of February, 1901, about midday, while the hook and ladder truck was passing westerly on Fifty-Third street crossing Madison avenue, in response to an alarm of fire, the truck was struck by one of the defendant's south-bound Madison avenue cars. The decedent, who was riding on the southerly side of the truck, jumped down to escape, but was overtaken by the truck, which was precipitated upon him, inflicting injuries from which he died.

It is not contended that the evidence was insufficient to take the case to the jury, but it is claimed that the verdict is against the weight of evidence. The decedent was not the driver of the truck. He was riding about the middle of the truck, which was halfway over the tracks before it was struck by the car. When he discovered that the truck would not likely clear the track before the car came along he jumped for safety. It is not seriously contended that he was guilty of contributory negligence in remaining on the truck up to that time, and the jury were, we think, clearly justified in finding that he was free from contributory negligence.

There is, as is usual in these cases, great conflict in the testimony as to the manner in which the accident occurred. There is testimony which, if believed by the jury,—and from their verdict it must be assumed that it was accepted as true,—warranted the finding that if the motorman had had his car under proper control in approaching the crossing of Fifty-Third street, or had been keeping a proper lookout, he would have discovered the approach of the fire truck in time to avoid the collision, and that the circumstances were such that he should have permitted it to pass first. We have carefully weighed the evidence, and are not convinced that it preponderates in favor of the defendant upon this main question, and therefore we are not authorized to disturb the verdict upon the ground that it is against the weight of evidence.

It is further contended that there are prejudicial errors in the reception of evidence and in the instructions to the jury upon the question of damages. The decedent was earning a salary of $1,400 per annum. It appeared that under the pension law provisions of the Greater New York charter the decedent's widow was receiving $700 per annum. The court instructed the jury that in assessing the damages they should not take into consideration this pension which the widow was receiving, and the defendant excepted. We think the instruction was proper. The duty of the jury, under the statute, was to ascertain the pecuniary loss which the widow and children sustained by the death of the husband and father, and any benefits which they received by way of insurance or pension are not to be offset or deducted. Shear. & R. Neg. (5th Ed.) § 765;

Kellogg v. Railroad Co., 79 N. Y. 72; Railway Co. v. Thompson, 56 Ill. 138; Terry v. Jewett, 78 N. Y. 338; Briggs v. Railroad Co., 72 N. Y. 26. The inquiry is, what amount of money would they have received from or through him had he lived? and it in no manner involves the consideration of what they have received on account of his death.

The plaintiff was permitted to show, under the defendant's objection and exception as irrelevant, immaterial, and incompetent, the different grades of advancement above that of fireman of the first grade, which was the position occupied by the decedent, and the salaries of those positions, to and including the chief of the department, at a salary of $6,000 per annum. The decedent was 32 years of age, and he had been married 6½ years, and left a widow 25 years of age, and three children, the eldest being 5. It appeared that he was a strong, healthy man. In the short time he had been connected with the department he had advanced four grades. Being in the department in these circumstances, it was reasonable to suppose that a young man of family and steady habits would remain, and the jury had a right to consider his prospect of advancement, and the probability of his attaining a higher position and earning a greater salary. There is considerably more basis for these considerations and far less speculation involved than is sanctioned by the authorities which permit a jury to consider the possibility of a father or mother inheriting from a son, modified by the chances of his surviving them, or his becoming married and having a family to support and to inherit his property. Johnson v. Railroad Co., 80 Hun, 306, 30 N. Y. Supp. 318; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11; Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108; Houghkirk v. President, etc., 92 N. Y. 219, 44 Am. Rep. 370. It does not follow, however, that the salaries which the higher positions command may be shown affirmatively. Any advancement required that a competitive civil service examination be passed. Other qualifications than those essential to the position held by the decedent would be required to fill the advanced positions, and manifestly some of them would require a high degree of executive ability. There is not sufficient probability that the decedent would have advanced to these positions to justify the reception of evidence showing the salaries. Evidence of specific salaries of higher positions would be misleading. It would unduly emphasize the right of the jury to consider the question as to whether the decedent would likely ever earn a larger salary or receive greater compensation, and tend to make them regard as probable what is, at most, only possible. In such cases the jury may consider the probability of the decedent's earning a greater income if he had lived, but that determination of this question should be made on existing facts and circumstances. Brown v. Railway Co., 64 Iowa, 652, 21 N. W. 193. The minds of the jurors should not be confused by evidence as to the salaries of specific higher positions, though in the same service. This evidence was incompetent, and we regard its reception as prejudicial error.

The judgment and order should therefore be reversed, and new trial ordered, with costs to the appellant to abide the event. All concur, except O'BRIEN, J., who dissents.

