### GEARY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

**1. COLLISION BETWEEN FIRE DEPARTMENT TRUCK AND STREET CAR—DEATH OF FIREMAN—NEGLIGENCE.**

Greater New York Charter, Laws 1897, p. 260, c. 378, § 748, giving vehicles of the fire department in answering a fire alarm the right of way over other vehicles, is material on the question of negligence and contributory negligence in a collision between a hook and ladder truck and a street car, wherein a fireman riding on the truck is killed.

**2. SAME—PROXIMATE CAUSE—INSTRUCTION.**

A requested instruction in an action for death of a fireman occasioned by collision of the fire truck on which he was riding and a street car, that, if the proximate cause of the collision was the negligence of the driver of the truck, and the collision would not have occurred had he exercised reasonable care, plaintiff could not recover, is bad—any contributory negligence of the driver not being imputable to deceased—because there may be more than one proximate cause of an accident.

**8. SAME—IMPUTING NEGLIGENCE.**

Contributory negligence of the driver of a fire truck which collided with a street car is not imputable to a fireman on the truck, killed by the collision, he neither having control over the driver nor being under his authority.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Annie Geary, administratrix of John Geary, deceased, against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

John C. Robinson, for respondent.

LAUGHLIN, J. The facts in this case are not materially different from those presented by the record on a former appeal, where they were fully stated and reviewed in our opinion, and it is unnecessary to recite them. Geary v. Metropolitan St. Ry. Co., 73 App. Div. 441, 77 N. Y. Supp. 54. We were then of the opinion that the evidence required the submission to the jury of the question of decedent's freedom from contributory negligence and of the defendant's negligence, and was sufficient to sustain a verdict in favor of the plaintiff upon both propositions. We have examined the evidence in this record, and are of the same opinion still. The plaintiff's case is strengthened on this appeal by attention being drawn to the provisions of section 748 of the Greater New York Charter, Laws 1897, p. 260, c. 378, which gives fire engines, trucks, and other vehicles of the fire department in answering an alarm of fire the right of way over all other vehicles except the United States mail. This provision of law was not brought to our attention upon the former appeal.

¶ 8. See Negligence, vol. 37, Cent. Dig. § 147.

It has a material bearing upon both questions of negligence. It was the duty of the driver of the street car, if he discovered, or, in the exercise of reasonable care would have discovered, the approach of the truck, to stop his car, and accord to it the right of way. The driver of the truck and the decedent and other firemen riding upon it are presumed to have been familiar with this law, and their conduct must be judged in the light of this provision.

The only question presented upon this appeal not urged upon our consideration before is an exception to the refusal of the court to charge at the request of counsel for the defendant "that if the jury, from all the evidence in the case, believe that the proximate cause of the collision between the defendant's car and the hook and ladder truck was the reckless and negligent conduct of the driver of the hook and ladder truck, and that the collision would not have occurred had the driver of the truck exercised reasonable and ordinary care, then the plaintiff cannot recover, and the defendant is entitled to a verdict." If the request had been to instruct the jury that the plaintiff could not recover if the driver's negligence was the sole or only proximate cause of the accident, then it would have eliminated the defendant's negligence as a proximate cause, and have been equivalent to a request to charge that, if the accident was caused by the negligence of the driver, and the defendant was not negligent, or that any negligence on the part of the defendant was not a proximate cause, the defendant was not liable, and the request would have been proper. But this was not the effect of the request, and, inasmuch as there may be two or more proximate causes of an accident (Phillips v. N. Y. C. & H. R. R. Co., 127 N. Y. 657, 27 N. E. 978; Hobson v. N. Y. Condensed Milk Co., 25 App. Div. 111, 49 N. Y. Supp. 209; McCormack v. Nassau Elec. Ry. Co., 16 App. Div. 24, 44 N. Y. Supp. 684), the request could not be properly charged unless any contributory negligence on the part of the driver of the truck was imputable to the decedent. This, undoubtedly, was the purpose of the request, but, if not, then the language employed did not fairly disclose the purpose to the trial judge. The question presented by the exception, therefore, is whether contributory negligence on the part of the driver would defeat a recovery. The decedent had no control over the driver, and the driver had no authority over the decedent. They were both in a common employment in a sense, it is true, in that they were members of the fire department of the city of New York. The decedent, however, was employed, and it was his duty, to perform services strictly as a fireman, while the driver was employed, and it was his primary, if not his exclusive, duty, to drive, manage, and look after the team. The case is not distinguishable on principle from Bailey v. Jourdan, 18 App. Div. 387, 46 N. Y. Supp. 399, where it was held that the negligence of a driver of a patrol wagon was not imputable to a patrolman riding in the wagon, where the patrol wagon, with the driver and patrolman, was sent out by the sergeant to bring in a prisoner. In Morris v. Metropolitan St. Ry. Co., 63 App. Div. 78, 71 N. Y. Supp. 321, affirmed 170 N. Y. 592, 63 N. E. 1119, where the decedent was riding on his father's brougham, seated with the driver, who was in the employ of his father, the trial court

charged the jury that the decedent was not responsible for any negligence of the driver. This court, in sustaining the charge, said:

"The driver was not the servant of the deceased. The carriage belonged to the deceased's father, and was used on this night to convey the deceased, his sister, and her companion home; and while the driver testified that, if the deceased had requested him to stop, he would have done so, there was no evidence to show that the driver was under the control and direction of the deceased, so as to create the relation of master and servant. Where the relation of master and servant as between a person using a vehicle of this kind and the driver does not exist, and where it is not shown that the driver was under the express control of the person using the vehicle, so that the driver was bound to obey orders given him, then it cannot be said that the negligence of the driver is, as a matter of law, to be imputed to the passenger. * * * It was not, therefore, error for the court to refuse to charge that any negligence of the driver could be imputed to the deceased."

In McCormack v. Nassau Elec. Ry. Co., supra, the plaintiff, a helper on an ice wagon, was injured by a collision between it and a street car, and it was held that a request to charge that, if the accident was occasioned in part by the negligence of the street railway company and in part by the negligence of the driver of the ice wagon, the plaintiff could not recover, was properly refused; and on a motion for a reargument (18 App. Div. 333, 46 N. Y. Supp. 230) the court said:

"We may, however, say this: That, as the concurring negligence of a co-servant is no bar to the action of a servant against a master for the latter's negligence (Cone v. D., L. & W. R. R. Co., 81 N. Y. 206 [37 Am. Rep. 491]; Anthony v. Leeret, 105 N. Y. 591 [12 N. E. 561]), we do not well see how it can have any greater effect to relieve a third party from liability for wrong."

There are many other authorities to the same effect. Lewin v. Lehigh Valley R. R. Co., 41 App. Div. 89, 58 N. Y. Supp. 113; Id., 52 App. Div. 69, 65 N. Y. Supp. 49; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353; Hoag, Adm'x, v. N. Y. C. & H. R. R. R. Co., 111 N. Y. 199, 18 N. E. 648; Kessler v. Brooklyn Heights Ry. Co., 3 App. Div. 426, 38 N. Y. Supp. 799; Weldon v. Third Ave. R. R. Co., 3 App. Div. 370, 38 N. Y. Supp. 206, affirmed 151 N. Y. 635, 45 N. E. 1135; Schermerhorn v. N. Y. C. & H. R. R. R. Co., 33 App. Div. 17, 53 N. Y. Supp. 279; Bergold v. Nassau Elec. Ry. Co., 30 App. Div. 438, 52 N. Y. Supp. 11. No other question presented requires special consideration.

It follows that the judgment and order should be affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concur. VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.