reached by an application of the principle that a trustee cannot bid at his own sale, and that, therefore, they being the purchasers, the right of dower was not cut off by the judgment. In the latter case the husband acquired premises subject to an outstanding mortgage, which was transferred to a friend of his, who instituted an action of foreclosure. The wife, before answer, applied for the examination of the plaintiff and her husband, claiming that the mortgage was in fact paid by her husband, but that the plaintiff and her husband had conspired to assert its validity for the purpose of cutting off her dower. The court merely held that this constituted a defense and justified the order for the examination. The distinction between that case and this is that there the wife was asserting her defense in the foreclosure action, and it also appeared there that the husband, subsequent to his purchase, had given a bond for the payment of the mortgage debt.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur. PATTERSON, J., dissents.

O'BRIEN, J. I dissent, thinking the case was properly disposed of at the Special Term, and for the reasons stated in the opinion in 37 Misc. Rep. 729, 76 N. Y. Supp. 488.

---

### CITY OF NEW YORK v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. STREET RAILROADS—FIRE APPARATUS—COLLISIONS—RIGHT OF WAY.

Under Greater New York Charter, § 748, as amended by Laws 1900, p. 256, c. 155, giving fire apparatus when on duty, proceeding to a fire, the right of way in a public street over all other vehicles except those carrying the United States mail, the driver of a fire truck, going to a fire, had the right to assume on crossing a street railroad track that the motorman of a street car approaching, on discovering the truck, would so control his car as to give the truck the right of way.

2. SAME—INJURIES—ACTIONS—INSTRUCTIONS.

In an action for damages to a fire truck in a collision with a street car as the truck was proceeding to a fire, an instruction that all that was required of the motorman of the car "at the time that he apprehended danger" was to use ordinary care to bring his car to a stop was properly refused as misleading, since it limited the motorman's care "at the time he apprehended danger," though the danger was caused by his previous negligence, and did not require care on his part from the time he apprehended danger until the collision actually occurred.

3. SAME.

Where, in an action for injuries to fire apparatus in a collision with a street car, plaintiff claimed negligence on the part of the motorman in approaching the street crossing at a high rate of speed, without having his car under control, and in failing to keep a proper lookout to discover the approach of the truck or signals thereof, an instruction that if at the time the motorman saw the danger he applied the reverse, acting in the belief that that was the best method of stopping the car, defendant could not be found guilty of negligence because the motorman did not apply the brake, was properly refused as misleading.

**4. SAME.**

In an action for injuries to a fire truck in a collision with a street car, the court charged that the safety of property and the protection of life require the greatest practicable speed of vehicles of the fire department in responding to alarms, and that the laws and ordinances regulating the speed of vehicles in the street do not apply to vehicles of the fire department, but did apply to defendant's car; whereupon defendant requested an instruction that there was no statute limiting the rate of speed of defendant's cars, and that negligence could not be predicated on the mere fact that the car was running at a high rate of speed, and that the only duty resting on defendant was to exercise reasonable care in the operation of the car under all the circumstances. *Held* that the charge as modified by the request was proper.

**5. SAME.**

The driver of a fire truck is bound to respond to an alarm of fire with the greatest practicable speed, and is only bound to drive with that care which a prudent person would exercise under like circumstances.

Hatch, J., dissenting.

Appeal from Trial Term, New York County.

Action by the city of New York against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.

Theodore Connoly, for respondent.

LAUGHLIN, J. The action is brought to recover damages to a hook and ladder truck owned by the plaintiff, sustained by a collision with a street car alleged to have been caused by the negligence of the defendant in the operation of the car. The facts concerning the collision are not materially different from those shown in the case of Geary against this defendant, and they were stated and reviewed by this court on two appeals in that action. Geary v. Met. St. Ry. Co., 73 App. Div. 441, 77 N. Y. Supp. 54; Id., 84 App. Div. 514, 82 N. Y. Supp. 1016. That was a statutory action to recover for the death of a fireman who was riding on this truck, which was responding to an alarm of fire. The only difference in principle between that case and this is that there the deceased fireman was not in charge of the truck or driving, and we held that any negligence on the part of the driver could not be imputed to him, and would not prevent a recovery. We have again reviewed the evidence, and are of opinion that the question as to whether the driver or captain in charge of the truck was guilty of contributory negligence was one of fact for the consideration of the jury, and that the verdict in that regard in favor of the plaintiff is fairly sustained by the evidence.

Counsel for the defendant requested the court to instruct the jury, in effect, that if the driver of the truck, upon seeing the car, calculated that he had time to cross the track in safety, the motorman was entitled to that calculation, and was not required to use a higher degree of care than the driver, and if the driver miscalculated, or both he and the motorman miscalculated, their verdict must be for

the defendant. This request was declined, and the defendant excepted. The exception presents no error. As was stated in our opinion on the last appeal in the Geary Case, supra, section 748 of the Greater New York Charter, as amended by chapter 155, p. 256, Laws 1900, gave the plaintiff's firemen and apparatus, when on duty proceeding to a fire, the right of way in the public streets over all other vehicles except those carrying the United States mail. This statute gives the fire department on such occasion the right of way as against the defendant's cars. The driver of the fire truck and the captain in charge had a right to assume that the defendant's motorman, upon discovering the approach of the truck in time so to do, would accord to it this right of way. This difference between the rights of the respective vehicles is not recognized by the request, and therefore it was properly refused.

Counsel for the defendant also requested the court to instruct the jury that "all that was required of the motorman at the time that he apprehended danger was to use ordinary care to bring his car to a stop." This request was also refused, and defendant excepted. We think it was properly refused. If granted, it might have misled the jury into believing that the defendant was not responsible if the motorman used ordinary care to stop the car at the time he apprehended danger, even though the danger was caused by his previous negligence. Moreover, the request was technically incorrect, in that the ordinary care to which it relates was at the time the motorman apprehended danger. This would be insufficient. He was required to use ordinary care from that time on until the collision actually occurred.

Counsel for the defendant also excepted to the refusal of the court to instruct the jury that "if at the time the motorman saw the danger he applied the reverse, acting in the belief that that was the best method of stopping the car, the defendant cannot be found guilty of negligence, because the motorman did not apply the brake." This request was technically correct, but, if granted, it might have misled the jury. While the defendant would not be liable for an error of judgment on the part of the motorman with reference to the best method of stopping the car when the danger of collision was imminent, yet the defendant might well be liable on the evidence before us for negligence on the part of the motorman prior to the time he discovered or saw the danger. The evidence on which the plaintiff bases its claim of negligence on the part of the defendant is not so much that the motorman did not do the right thing to prevent the collision when it was imminent, as in his previous conduct in approaching the crossing at a high rate of speed without having his car under control, so as to be able to stop it quickly, and without keeping a proper lookout in discovering the approach of the truck or signals thereof.

In the main charge the court instructed the jury that "the safety of property and the protection of life may, and often do, depend upon celerity of movement, and require that the greatest practicable speed should be permitted to the vehicles of the fire department in responding to alarms, and the laws and ordinances restricting the speed

of vehicles on the streets and avenues of the city do not apply to vehicles of the fire department, but do apply to the speed of defendant's car." At the close of the charge counsel for defendant excepted to this charge, and requested the court to instruct the jury that there was no statute limiting the rate of speed of the defendant's cars, and that negligence could not be predicated on the mere fact that the car was running at a high rate of speed, as the only duty resting on the defendant was, "under all the circumstances, to exercise reasonable care in the operation of the car." To this the court responded: "Taking it altogether, I think that is correct. The latter part of your request modifies the balance of that very much. I will charge it as you ask." As thus modified, we think there was no error in the charge.

The court also instructed the jury that the driver of the truck was bound to respond to the alarm of fire with the greatest practicable speed, and was only bound to drive with that care which a prudent person would exercise under like circumstances, and counsel for defendant excepted. This charge was evidently taken from the opinion of the Court of Appeals in Farley v. The Mayor, 152 N. Y. 222, 46 N. E. 506, 57 Am. St. Rep. 511. It is manifest that this is the duty of those in charge of the fire apparatus in responding to an alarm of fire where the safety of life and property necessarily depends upon the prompt arrival of the firemen and apparatus for extinguishing fires, and it was contemplated by the Legislature when it gave them the right of way over other vehicles in the public streets on such occasions. The other exceptions to which attention has been drawn have been examined, but they require no special consideration here.

It follows that the judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and INGRAHAM, JJ., concur.

HATCH, J. (dissenting). I am of opinion that the defendant was entitled to a charge to the jury of the matter embraced in its second and third requests. They contained correct expositions of the law, were applicable to the facts in the case, and had not been embraced within the general charge delivered by the court. As they were correct statements of the law, as applicable to the facts appearing in the case, I am not able to see how they can be regarded as misleading. For this reason I am constrained to dissent from the doctrine announced in the prevailing opinion upon such subject.