HOUGHTON, J.  The action is for commissions for sale of real estate, and on a former appeal (87 App. Div. 518, 84 N. Y. Supp. 793) this court held that the contract between the plaintiff and the defendants was a several one and that the defendants were not jointly liable to the plaintiff.  Only the present appellants were personally served; the others being nonresidents, and served only by publication, and not appearing.  Judgment for the full amount of commissions owing by all defendants was obtained, both on the former and subsequent trials, against the two defendants personally served.

The evidence adduced on the second trial does not differ in any material respect from that appearing on the first trial.  The only new evidence is that of the plaintiff, who testifies that, at a time when all the defendants or their representatives were present and the first installment of $200 on the purchase of the property was paid, the defendant Fahys handed the money to one of the defendants and said: "Credit that to the West Hoboken Syndicate."  There is no proof as to who composed this syndicate, or that it was composed of these defendants, or that there was any joint ownership or joint venture by these defendants with respect to the real estate in question.  Plaintiff further testified to declarations of Fahys that all the others would do whatever he did, and that a representative of defendant Blythe said that whatever Fahys would do all the others would do.  If these declarations were material, they would only be evidence against the party making them; for the declarations of one defendant do not bind the other defendants, in the absence of proof of assent or proof that all were engaged in a joint enterprise.  The complaint alleges joint liability, and the second trial, as well as the first, proceeded upon that theory.

No facts were proven which met the objection to plaintiff's recovery pointed out on the former appeal, and the judgment and order must be reversed, and a new trial granted, with costs to appellants to abide the event.  All concur.

(109 App. Div. 603)

DUFFGHE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.  December 8, 1905.)

1. MUNICIPAL CORPORATIONS—USE OF STREETS—REGULATIONS—CONSTITUTIONALITY.

Greater New York Charter, Laws 1897, p. 260, c. 378, § 748, as amended by Laws 1900, p. 255, c. 155, giving the fire insurance patrol right of way in the streets over all vehicles except those carrying mail, and making it a misdemeanor to refuse to accord such right of way, is not in conflict with the Constitution.

2. STREET RAILROADS—COLLISION WITH FIRE TRUCK—INSTRUCTIONS.

Where, in an action for injuries to a member of the insurance patrol by a collision of the patrol truck with a street car, the court, on being twice requested to charge that it was the motorman's duty to stop the car and give the truck the right of way, modified the request by stating that it was the motorman's duty to stop if he could by the exercise of ordinary care, a further statement that the court thought a request to charge that, if the motorman discovered the truck in time to stop, it was his duty to do so, was correct, was not, when considered with the previous statements and a subsequent one to the same general effect, objectionable as leading the jury to think that the motorman's duty to stop was absolute, whether it could be safely done or not.

3. SAME—RIGHT OF WAY IN STREET—ORDINANCES—EFFECT.

 Under Greater New York Charter, Laws 1897, p. 260, c. 378, § 748, as amended by Laws 1900, p. 255, c. 155, giving the fire insurance patrol right of way in the streets over all vehicles except those carrying mail, and making it a misdemeanor to refuse to accord such right of way, it is abstractly the duty of a motorman to stop his car to give the street to a patrol truck, if it is seen, or by the exercise of reasonable care could be seen, in time to stop the car.

 [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 190–193.]

 Woodward and Jenks, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by John P. Duffghe against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Bayard H. Ames (Francis Pope, on the brief), for appellant.
William C. Beecher, for respondent.

HIRSCHBERG, P. J. The plaintiff's judgment is for personal injuries received in a collision with one of the defendant's cars while he was driving to a fire in the borough of Manhattan, New York City, a wagon belonging to the service of the fire insurance patrol. It is unnecessary to state the circumstances of the accident in detail, inasmuch as the defendant makes no claim on this appeal that the facts as presented on the plaintiff's behalf, if accepted as true by the jury, do not justify the verdict, but contends chiefly that error was committed by the trial court in the instructions given on the submission of the case to the jury.

By the provisions of section 748 of the Greater New York Charter (chapter 378, p. 260, Laws 1897) as amended by chapter 155, p. 255, of the Laws of 1900, the officers and men of the insurance patrol, with their apparatus, are given the right of way in the streets when on duty over all vehicles except those carrying the United States mail; and it is made a misdemeanor for any person to refuse to accord such right of way; or to obstruct the apparatus or those in charge of it while in the performance of their duty. We do not consider these provisions in any respect violative of the Constitution. They are embraced in a public act of which the courts take judicial notice; and the motorman in charge of the car with which the plaintiff's patrol wagon collided had been instructed to regard them, and to give the right of way to all fire apparatus in the streets.

It is claimed, however, on the part of the defendant, that the trial court erred in charging the jury that it was the absolute duty of the defendant's motorman to stop his car and accord the right of way to the plaintiff, if he had opportunity and time to do so, irrespective of the requirements of reasonable care. As an abstract proposition the duty is absolute, but a fair reading of the charge clearly indicates that the court expressly held the motorman only to the exercise of reasonable care in that regard. The court had charged generally that the measure

of the motorman's duty was only the exercise of ordinary care. The plaintiff's counsel thereupon asked the court to charge as follows:

"I ask your honor to charge that it was the duty of the motorman of the approaching car, if he discovered the patrol truck, or if in the exercise of reasonable care he could have discovered it, to stop his car and accord to the truck the right of way which lawfully belonged to it."

To this request the court responded:

"If, by the exercise of ordinary care, he could have stopped this car."

No exception was taken by the defendant, and the jury accordingly must have understood that the duty to stop the car and accord the lawful right of way depended upon the motorman's ability to stop the car, and upon the obvious requirements of ordinary prudence in the circumstances. The plaintiff's counsel then made this request, viz.:

"It was the duty of the motorman of the approaching car, if he discovered the patrol truck in time, or if, by the exercise of reasonable care, he could have discovered it, it was his duty, to stop the car and accord the truck the right of way which lawfully belonged to it."

To this request the court replied:

"It was his duty to exercise reasonable care under the circumstances. As so modified, I so charge."

To this the defendant excepted; but, as the charge was precisely what the defendant urges the law to be upon the appeal, the exception surely was not well taken. The plaintiff's counsel then requested the court to charge:

"That, if he discovered the truck in time to stop the car, I ask your honor to charge the jury then that his duty was to stop and accord the truck the right of way."

To which the court replied, "I think that is correct," and the defendant again excepted. The response to this request is to be taken in connection with the studious and reiterated qualifications of the previous requests, viz., that the duty enjoined involved only the exercise of reasonable care, and this was repeated in response to the next request on the part of plaintiff's counsel; the court generalizing the obligation resting on the motorman by the statement that:

"It was his duty to exercise such care as the conditions which confronted him and the notice he had demanded."

It was impossible for the jury to have understood, from the charge taken as a whole, anything other than that the motorman's duty was limited by law to the exercise of reasonable care, that the patrol wagon had the right of way by statute, and that the motorman should stop his car and yield that right of way, if ordinary prudence required it in order to avoid the accident and ample time was afforded to him for that purpose.

But, as has been said, it was as an abstract proposition the duty of the motorman to obey the law. This was held in Geary v. Metropolitan Street R. Co., 84 App. Div. 514, 515, 82 N. Y. Supp. 1016, 1017; the court saying:

"It was the duty of the driver of the street car, if he discovered, or in the exercise of reasonable care would have discovered, the approach of the truck, to stop his car and accord to it the right of way."

The decision was by a divided court, it is true; but it was affirmed by the Court of Appeals without dissent.   Geary v. Metropolitan Street R. Co., 177 N. Y. 535,.69 N. E. 1123.   The doctrine was reaffirmed in City of New York v. Metropolitan St. R. Co., 90 App. Div. 66, 85 N. Y. Supp. 693.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs.   All concur, except WOODWARD and JENKS, JJ., who dissent.