## INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* BECK.

[No. 8,416. Filed January 20, 1915.]

1. STREET RAILROADS.—*Injuries.—Negligence.—City Ordinances.—* In an action for injuries to a fireman by the collision of a street car with a hose wagon, where the complaint charged negligence in failing to stop the car on the approach of the hose wagon, in violation of a city ordinance requiring street cars to stop immediately upon signal of the approach of any fire apparatus, actual knowledge of the approach of the hose wagon in time to have stopped the car and avoided the injury was not essential to establish the negligence charged, though proof that the signal was such that it could not have been seen or heard by those in charge of the car would have been proper as bearing on the question of whether such persons were guilty of negligence. p. 530.

From Superior Court of Marion County (85,542); *Charles J. Orbison,* Judge.

Action by Benedict Beck against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*F. Winter, M. E. Foley, D. E. Watson* and *W. H. Latta,* for appellant.

*Merle N. A. Walker* and *John E. Hollett,* for appellee.

HOTTEL, C. J.—This is an action for personal injuries sustained by appellee as a result of a collision between a hose wagon of the city of Indianapolis on which appellee was riding to a fire in said city and one of appellant's street cars.

The collision occurred at the intersection of West Maryland Street with Capitol Avenue and Kentucky Avenue. Maryland Street runs east and west in said city, that part of the same west of Meridian Street being designated and known as West Maryland Street. Capitol Avenue runs north and south in said city, that part of the same south of Washington Street being designated and known as South Capitol Avenue, and Kentucky Avenue runs northeast and southwest in said city. Immediately before the collision the hose wagon on which appellee was riding was being driven west along the north side of Maryland Street towards Capitol Avenue. The street car which collided with the hose wagon was an inbound car on the West Indianapolis line, and, before the collision, had traveled northeast on Kentucky Avenue to the point where such avenue intersects West Maryland Street and Capitol Avenue where it turned north on Capitol Avenue.

The paragraph of complaint on which the cause was submitted to the jury alleged all these preliminary facts and sets out an ordinance of the city of Indianapolis containing the following sections: "Section 11. Police, fire department, and United States Mail vehicles and ambulances, when answering emergency calls are to have the right of way, and all traffic must make way for the same by pulling next to the curb and stopping until the same have passed. * * * Section 14. Upon signal of the approach of any fire apparatus or rapidly moving police patrol or ambulance street

cars must immediately stop and remain standing until the same has passed."

The negligence charged is in substance as follows: On August 13, 1911, appellee, while lawfully upon a hose wagon owned and controlled by said city as a part of its fire apparatus, in response to an emergency alarm and call of fire, was being driven west rapidly in and along the north side of West Maryland Street in said city from Illinois Street west and along and across its intersection with Capitol Avenue and Kentucky Avenue; that while on said fire apparatus being so driven in response to such call of fire, and while the gong and alarm of said fire apparatus was being constantly and continuously sounded as a signal, the appellant by its employes and agents carelessly and negligently, and in violation of the ordinance herein set out, operated and drove its car northward in, upon and along Capitol Avenue and Kentucky Avenue, where the same intersect West Maryland Street, and appellant, after it saw, or could have seen by the use of ordinary care, the apparatus upon which appellee was riding, coming along the north side of West Maryland Street, continuously and constantly sounding its alarm and gong as a signal, carelessly and negligently drove its car upon, along and across the north side of West Maryland Street, at said intersection, and carelessly and negligently blocked the said north side of Maryland Street and *negligently and carelessly ran and drove its car into and against this plaintiff;* that solely by reason of said negligence and carelessness of the defendant and, without any fault or negligence on the part of plaintiff contributing thereto, the plaintiff was negligently thrown, hurled and precipitated with great force and violence from the fire apparatus onto and upon the brick pavement of Maryland Street; that solely by reason of said negligence and carelessness of said defendant in *negligently and carelessly driving its car against,* hurling, etc.

The only answer was a general denial. There was a trial by jury and a verdict and judgment for appellee in the sum of $2,000. A motion for new trial filed by appellant was overruled and this ruling alone is assigned as error and relied on for reversal. This motion contains numerous grounds none of which are presented by appellant's brief, except those challenging instructions Nos. 7, 8 and 15, given by the court. The ground of objection to these instructions as stated by appellant under its "points and authorities" is as follows: "Each of said instructions stated in substance that if the agents of defendant operating its street car by the exercise of ordinary care could have seen or heard the hose wagon approaching in time to have stopped its car and avoided a collision, and failed to stop its said car, that defendant thereby violated the ordinance of the city of Indianapolis requiring street cars to immediately stop upon the signal of the approach of any fire apparatus." Appellant here sets out §14 of the ordinance quoted, *supra,* and contends, in effect, that, since the passage of §217 of an act approved March 5, 1905 (Acts 1905 p. 219, §8843 Burns 1914), the violation of any ordinance of a city should be brought under said act and is therefore controlled by the rules of criminal procedure. Appellant then invokes a principle frequently announced in criminal cases, viz., that there can be no crime without a criminal intent, and argues that it necessarily follows that there could be no violation of the ordinance in question unless the motorman had *actual* knowledge of the approach of such hose wagon, and hence that that feature of the instruction objected to which authorized the jury to find that appellant's motorman violated the ordinance, if by the exercise of ordinary care he could have seen or heard such hose wagon approaching in time to have stopped his car before the collision, was erroneous and harmful to appellant.

It must be remembered that appellee's right to recover against appellant is predicated on negligence, and that the

violation of the ordinance in question is important only as tending to prove negligence. It follows therefore that it is not necessary that we should determine what would be our disposition of appellant's contention, if this were a prosecution for the violation of said ordinance. The cases cited by appellant, involving criminal charges, do not necessarily control the question here involved. On the contrary, the courts in cases like that under consideration have expressly held against appellant's contention. There is, in our judgment, nothing in the wording of the ordinance in question which gives support to appellant's contention, that those in charge of the street car must have actual knowledge of the signal of the approach of the fire apparatus before they can be said to be negligent on account of failure to comply with such ordinance. The prerequisite to the violation of the ordinance is a *"signal of the approach"* of such fire apparatus and not actual knowledge of such signal. No doubt it would have been proper for appellant to have shown that the signal given was of such a character that it could not be seen or heard by those in charge of its car, or that it was given under such circumstances that it could not have been heard or seen by such persons, and such facts would be proper for a jury to take into consideration in determining whether such person or persons were guilty of negligence, but it would not be proper for the court to instruct the jury, as appellant, in effect contends, that before such persons could be charged with negligence on account of the violation of such ordinance, the jury should find that they actually knew the signal was given. We find no case that would justify such a holding, but on the contrary find cases which justify and support that feature of the instructions criticised by appellant. *City of New York* v. *Metropolitan St. R. Co.* (1904), 90 App. Div. 66, 85 N. Y. Supp. 693; *Duffghe* v. *Metropolitan St. R. Co.* (1905), 109 App. Div. 603, 96 N. Y. Supp. 324; *Geary* v. *Metropolitan St. R. Co.* (1903), 84 App. Div. 514, 82 N. Y. Supp. 1016. See,

also, *Christy* v. *Elliott* (1905), 216 Ill. 31, 74 N. E. 1035, 108 Am. St. 196, 1 L. R. A. (N. S.) 215, 3 Ann. Cas. 487; *Williamson* v. *St. Louis, etc., R. Co.* (1908), 133 Mo. App. 375, 113 S. W. 239. While we find no case in Indiana construing an ordinance worded exactly like the one under consideration, the following case, by analogy at least, strongly tends to support the correctness of that phase of the instructions criticised. *Indianapolis Traction, etc., Co.* v. *Hensley* (    ), — Ind. —, 105 N. E. 474, 477.

We might add that we have carefully examined all the instructions and are of the opinion that if there was any error in the giving of any of them, such error was in favor of appellant rather than against it. The judgment is therefore affirmed.

NOTE.—Reported in 108 N. E. 153. As to rights, duties and obligations of street railways in municipal corporations, see 25 Am. St. 475. As to liability of a street railway company for injuries caused by collision with fire apparatus, see 19 L. R. A. (N. S.) 623. As to violation of statute or ordinance not intended for plaintiff's benefit, as actionable negligence, see 9 Ann. Cas. 427; Ann. Cas. 1912 D 1106. See, also, 36 Cyc. 1513.