## Keifer *v.* The Cleveland Railway Co.

*Negligence — Proximate cause — Concurrent causes — Directed verdict — Passenger, who is — Injury by intervening object.*

1. There may be more than one proximate cause of an injury.
2. Where concurrent causes are the immediate and efficient cause of an injury, it is not competent to take one of them away from the other, and say that it and not the other was the proximate cause of the accident.
3. Where two men are standing near a street car track, in a space used by passengers waiting to board cars, and the end of a street car being operated on a curve at a prohibited rate of speed strikes one of the men and hurls him against the other, injuring the latter, it is error in an action for damages by the injured man against the street car company, to direct a verdict for defendant at the close of plaintiff's evidence disclosing such facts, the case being one that should have been submitted to the jury.

(Decided October 22, 1917.)

Error: Court of Appeals for Cuyahoga county.

*Mr. T. S. Dunlap* and *Mr. F. F. Klingman,* for plaintiff in error.

*Messrs. Squire, Sanders & Dempsey* and *Mr. William L. Day,* for defendant in error.

Lieghley, J. The parties stood in the same order below.

It is a matter of common knowledge that the Public Square in Cleveland, Ohio, is divided into four sections by intersecting streets; that cars of the defendant serving the west and southwest parts of the city loop around the northwest section of the Public Square; that on the westerly side of the northwest section of the square there are two

southbound tracks with a devil strip between them of approximately ten feet in width; that passengers or prospective passengers take position on this devil strip waiting to board cars that use the easterly southbound track; and that at or near Superior avenue these two southbound tracks converge and lead into and upon Superior avenue and said cars proceed westerly on the northmost track on Superior avenue. For the most part, and so far as necessary, the facts above stated are disclosed by the proof in this case.

As was his practice, the plaintiff, Jacob Keifer, on the 18th day of August, 1914, boarded a St. Clair avenue car near his home in the east end, purchased a transfer to a West 14th street car, and proceeded to the Public Square where he alighted and walked over to the said devil strip on the west side of the northwest section of the square above described. He took position on said devil strip with the purpose in mind of boarding a West 14th street car, then using this loop by reason of the damaged condition of the Central Viaduct. While he was so standing there an Italian approached him and excitedly inquired about a car, repeating his inquiry and gesticulating for some little time. While the two were so standing there, a city street car passed by them, which was followed by an interurban car operated at the time and place in question by the defendant. The rear end of said interurban car extending far over the rail in making the curve, and proceeding at the rate of ten miles per hour around the curve into and upon Superior avenue, struck the said Italian, hurling him against plaintiff, who was then and there severely injured by

being hurled to the pavement by the force of the said Italian striking him.

It is disclosed by the proof that the said street car was operated in violation of a traffic ordinance of the city which provides that street cars shall travel at no greater rate of speed than four miles per hour in turning a corner of a street, and it is urged that this is negligence *per se* on the part of defendant, upon the authority of *Schell* v. *DuBois, Admr.*, 94 Ohio St., 93.

It is further urged by the plaintiff that, by reason of the fact that the body of an interurban car extends farther beyond the rear trucks than does the body of the ordinary street car, the sweep of the rear end of an interurban car in making a curve is much greater than that of a city car; that the motorman saw or should have seen the perilous position of the Italian, whose name is unknown, as he approached and passed the place where the plaintiff and the Italian were standing; and that the motorman should have known that the rear end of this car, in making the curve, would strike the Italian.

The plaintiff rested his case in the court below upon the testimony of the plaintiff himself and the ordinance above referred to admitted in the proof.

The court directed a verdict for the defendant, and from this judgment error is prosecuted to this court to reverse.

The testimony of the plaintiff tends to establish contributory negligence of the Italian in facing eastward with his back to the westerly southbound track and not using his senses for his own safety at the time.

Undisputed testimony of the plaintiff establishes the negligence of the defendant in operating its car in violation of said traffic ordinance.

The question presented to us for decision, under the claimed admitted facts in this case, is, What was the proximate cause of the injuries which the plaintiff sustained, or, should this question have been submitted to the jury for answer?

Apparently it was the judgment of the court below that the negligence of the Italian proximately caused the injury, and, assuming the facts to be admitted, a decision of this question was for the court, under authority of *L. S. & M. S. Ry. Co.* v. *Liidtke,* 69 Ohio St., 384.

It is claimed by the plaintiff that at the time he was injured he was a passenger and that the defendant owed to him the duty of exercising more than ordinary care for his safety. We do not feel that in a decision of the principal question before us it is absolutely necessary to determine whether or not the plaintiff was then a passenger. However, at the time plaintiff was injured he was standing in a place of safety on the devil strip and at a place where the company is accustomed to take on passengers. And it is evident that he would not have been injured if the rear end of the interurban car had not struck the Italian, hurling him against the body of the plaintiff, or if the Italian had not negligently placed himself in the path of the rapidly turning street car. At the time, the plaintiff was in the process of transferring from the St. Clair car to the Fourteenth street car, and had in his possession a transfer. The greater weight of authority is to the effect that the plaintiff was then,

in fact, a passenger. *Cincinnati Traction Co.* v. *Holzenkamp,* 3 N. P., N. S., 537, 540; affirmed, 74 Ohio St., 379, and 1 Nellis on Street Railways (2 ed.), Section 254.

Something was said in argument to the effect that the cases in which the intervening object caused the injury was inanimate are to be distinguished from the case at bar for the reason that in this case the intervening object was a rational human being. If there be any distinction, it seems to us that to negligently injure a human being, thereby resulting in injury to another, without fault on his part, would be more culpable than to injure in the first instance an inanimate or irrational object. We do not think that the authorities are in accord with this suggestion.

Attention is called to the case of *McCormack, Admx.,* v. *Nassau Elec. Rd. Co.,* 16 App. Div., 24, (44 N. Y. Supp., 684), in the syllabus of which the facts are sufficiently stated, in conjunction with the law of the case. The syllabus reads as follows:

"The act of a motorman in starting up an electric car at a time when the driver of an ice wagon, which is distant from the car about 133 feet, and is in plain sight of the motorman, is beginning to turn his wagon preparatory to crossing the street, and in so operating the car that it collides with the wagon, inflicting injuries upon a person employed thereon as a helper, who has jumped upon the rear step of the wagon as it was turning, constitutes negligence on the part of the railway corporation.

"A refusal by the court to charge the jury, in such a case, that if they find that the accident was occasioned in part by the negligence of the de-

fendant, and in part by the negligence of the driver of the ice wagon, the plaintiff (the helper) cannot recover, does not constitute an error requiring the reversal of a judgment in favor of the plaintiff, where the defendant, although it bases such request upon a claim that the driver of the wagon and his helper were engaged in a joint venture of their own in the ice business, makes no request to have the question of the existence of such a joint venture between the parties submitted to the jury."

See also *Pullman Palace Car Co.* v. *Laack,* 143 Ill., 242, 261, and authorities hereinafter cited.

If it be claimed that a showing to the effect that the Italian was negligent and that his negligence directly contributed to cause the injury of the plaintiff, to such an extent that the Italian could not recover from the railway company for his injuries, precludes the plaintiff from recovering from the defendant, we are unable to concur in that claim. We are unable to concur for the reason that there may be more than one proximate cause of an injury.

Quoting from the syllabus in the case of *Geary* v. *Metropolitan St. Ry. Co.,* 82 N. Y. Supp., 1016, (84 App Div., 514; affirmed 177 N. Y., 535):

"A requested instruction in an action for death of a fireman occasioned by collision of the fire truck on which he was riding and a street car, that, if the proximate cause of the collision was the negligence of the driver of the truck, and the collision would not have occurred had he exercised reasonable care, plaintiff could not recover, is bad — any contributory negligence of the driver not being imputable to deceased — because there may be more

than one proximate cause of an accident." See also *Phillips* v. *N. Y. C. & H. R. Rd. Co.,* 127 N. Y., 657.

In the case at bar, was it the negligence of the Italian alone that caused the injury to plaintiff? Or, was it the negligence of the defendant alone that caused it? Or, was it the combined and concurrent negligence of both that caused the injury?

In the case of *Zeihr* v. *The Maumee Paper Co.,* 7 C. C., N. S., 144, the facts are briefly as follows:

Zeihr was employed by the defendant to operate a certain "beater" machine, which machine was used for the purpose of beating paper soaked with water preparatory to remanufacture of the same. In the construction of said machine there were two cogwheels exposed and unguarded on the outside of the machine. Water was spilled from various machines that were on the floor, so that the floor was at all times slippery. The plaintiff slipped on the floor, fell forward, and his hand was caught in the cogwheels and injured. He filed a petition in the common pleas court, charging the defendant with negligence in permitting said machine to become defective, in that it could not at the time be thrown out of gear, and in not guarding the same. The trial court directed a verdict on the ground that it was the slipping of the plaintiff on the floor that was the proximate cause of his injury and not the alleged negligence of the defendant. This judgment was reversed.

The second paragraph of the syllabus reads as follows:

"Where concurrent causes, as in this case, are the immediate and efficient cause of an injury, it

is not competent to take one of them away from the other, and say that it and not the other was the proximate cause of the accident."

Quoting from the opinion at page 148, the court says:

"Now it seems to us that the true rule is, as we gather it from the authorities, that where, in case of master and servant, like this case, the negligence of the master is one of the causes of the servant's injury, is one of the causes without which he could not have been injured as he was, that the fact that the negligence of a third person is also a cause of his injury, or the fact that some inevitable or unavoidable accident occurring at the same time was the cause of his injury, or some inanimate object, that, nevertheless, if the master's negligence may be said to be one of the proximate causes of the man's injury, that the master is not excused, because the negligence of some one else has contributed, as well as his own negligence, or because some accident, some unavoidable accident, happening has also contributed to the servant's injury, if it appears that without the negligence of the master the accident could not have happened. Now it seems to us that this rule laid down in many of the authorities is a just and reasonable rule. Many accidents are caused by two or more concurrent causes."

In the opinion will be found many authorities supporting this language of the court.

Quoting from the syllabus in the case of *John R. Gray et ux.* v. *Washington Water Power Co.,* 27 Wash., 713:

"Where plaintiff was injured as a result of her horse running away and dashing the wheels of her buggy against the projecting rails of a street railway, the action of the court in setting aside a verdict in her favor and granting a new trial, on the ground that the running away of the horse and the loss of its control was the proximate cause of the accident, was erroneous."

The question is: Was the negligence of the Italian, the street car company, or both, the proximate cause of the injuries which plaintiff sustained? Under the circumstances of this case, we are not at all certain that reasonably prudent persons would answer this question in the same way. This being true, we conclude that this case should have been submitted to the jury.

It may be claimed that the same result would have obtained if the street car had been propelled at a legal rate. Of course, if the same result would have followed the operation of the car at four miles per hour as did result by operating it at ten miles per hour, then speed did not have anything to do with the results and the negligence of the railway company could not be the proximate cause of the injury; but, in the determination of this question, we are of the opinion that reasonably prudent minds may reach different conclusions, and, therefore, that it is a question for the jury.

See cases above cited; also *C., C. & C. Rd. Co.* v. *Crawford, Admr.,* 24 Ohio St., 631; *M. & C. Rd. Co.* v. *Picksley, Id.,* 654, and *Steubenville & Wheeling Traction Co.* v. *Brandon,* 87 Ohio St., 187, 194.

For error in directing a verdict for defendant at the close of the plaintiff's evidence, the judgment

of the court below is reversed and the cause remanded, with costs assessed against the defendant in error.

*Judgment reversed, and cause remanded.*

GRANT and CARPENTER, JJ., concur.