## YOUNG v CLARK

Ohio Appeals, 2nd Dist, Franklin Co
No 1774. Decided Nov. 8, 1929

Will J. Hays, Columbus, and Booth, Keating, Pomerene and Boulger, Columbus, for Young.

F. S. Monnett and L. H. Godman, both of Columbus, for Clarke.

HORNBECK, J.

From these facts it was permissible and logical for the jury to infer that the defendant was negligent in parking his car with inefficient brakes at the time, in the place, and under the circumstances existent and that in the exercise of ordinary care he should have known that such car might be released from, or given impetus causing it to leave, the curb with the proximate result of injury to some one, and that, under the circumstances, the plaintiff was not negligent in any way contributing to his injuries.

Pretentious and voluminous briefs are before us and with the law therein set forth we are in accord, but the judgment under consideration may be sustained, without doing violence to any legal principles advanced.

It is urged and many cases are presented holding that where an independent agency intervenes which sets; the object in motion causing the injury complained of it is the intervenor who is responsible. A typical case of the many cited is that of **Berman vs. Schultz, 84 N. Y. Sup. 292.** In that case the owner of the automobile had applied the brake and left the car in the street. Where upon some boys did something which released the brake or started the motor, permitting or causing the car to move forward and strike the plaintiff. The court held that the operator of the automobile was not liable. This case may be distinguished from ours in that the driver of the automobile had taken every precaution which ordinary prudence demanded to prevent the automobile leaving the street where placed and was therefore chargeable with no negligence. The mechanical appliances which he had put into operation were in no wise ineffective but were operative and would have accomplished the purpose designed had their position not been changed by a willful intervening human agency.

In the instant case it may be said that the brake would not and did not accomplish the result which it was designed to effect and though it cannot be said as a matter of law that the defendant should have anticipated that the event which happened would occur, the jury was properly permitted to say whether or not in the exercise of ordinary care the defendant should have anticipated that it would occur.

It is urged that it was the act of the operator of the Buick automobile in driving into and pushing the car of defendant which was the proximate cause of the injury to the plaintiff.

But as said in the case of **Keifer v. Railway 30 O. C. A., 150,** there may be more than one proximate cause of injury and the act of the driver of the Buick may have been a proximate cause but the failure to have effective brakes was also a proximate cause without which the automile would not have run down State Street and caused injury to the Plaintiff:

In any event, the defense had advantage of their Special Request Before Argument, Number 2, which was given and accorded the defendant all the rights to which he was entitled in the event that it found that the auto was run into at the curb by a third person operating the Buick.

In the light of the testimony of the defendant that he had applied his emergency brake at the curb when parking his car, the testimony of plaintiff's witness that the brake was found to be fully set immediately after it struck the plaintiff and that the car could be moved freely in that condition, the jury may have found that the brake was not in sufficient state of repair to do the work intended. On the other hand, the testimony of Mr. Baker and the defendant that when the emergency was fully set four men could not move it backward nor forward, tended to establish the fact that the brake was thoroughly effective, in which event there could have been but two possible causes of the collision, 1st: that the brake was not set at all or not securely set, or, 2nd: that though securely set, the impact of the Buick automobile partially released the brake mechanism and permitted the car to move. If the brake was not set or not properly set the allegations of the petition were sufficient to permit the jury to say that this was a negligent act of the defendant.

The only logical affirmative theory, in our judgment, upon which the defendant could have avoided liability was that the first impact of the Buick automobile caused the brake, which had been improperly set, to partially release and the second impact started it down hill and thereafter there was nothing to hold it. This contention of the defendant was presented to the jury most effectively in the evidence by the testimony of Mr. Wine and the jury by its verdict said that it did not believe the accident was caused in that manner.

It is urged by counsel for the defense that the application of the rule of res ipsa loquitur does not apply. We do not find that the Court invoked this doctrine at any place in the trial of the action. The charge proceeds upon the theory of the necessity of the plaintiff proving one or more of the specifications of negligence asserted in the petition, and makes no reference whatever to any inference arising because of the mere happening of the accident. There was no motion for directed verdict, so that, the testimony of the defendant himself was available to the plaintiff.

Objection is made to the refusal of the Court to admit testimony on behalf of the defendant to the effect that for a long period of time prior to the date when the accident occurred he had parked his auto at about the same place on State Street, had applied his brake in the same manner

and had put his car in about the same position as on the date of the accident. We do not think this was error. In any event, it was not prejudicial error.

It is urged that the testimony of the witness Jones, for the defense, was undenied and uncontradicted and, that giving credence to what he said, the verdict must have been for the defendant and that the jury should not be permitted to disregard this testimony. This position is not tenable, 1st, because all that Jones says may be true and the facts justify the jury in concluding, either, that the defendant was negligent in not providing effective brake, or, having provided it, failed to sufficiently set it and 2nd, there are many circumstances and facts from which inferences can be logically drawn which tend to refute his story.

There is no proof whatever tending to establish contributory negligence of the plaintiff. This is so obvious from the record that we do not deem it necessary to discuss it.

The defendant had the advantage in this case of fair trial insofar as the record disclosed. The jury resolved the evidence against him.

The judgment of the trial court will be affirmed.

Kunkle, PJ., and Allread, J., concur.