The State *v.* The Baltimore, Ohio and Chicago Railroad Company.

No. 14,882.

THE STATE *v.* THE BALTIMORE, OHIO AND CHICAGO RAIL-
ROAD COMPANY.

CRIMINAL LAW.—*Obstruction of Highway.*—*Corporation May be Prosecuted.*—
A corporation may be prosecuted criminally for obstructing a public
highway.   Sections 1897 and 1964, R. S. 1881.

SAME.—*Removal of Obstruction.*—*Mandate.*—The fact that a corporation may
be compelled by mandate to remove an obstruction placed by it in a
public highway is not a defence to a prosecution for maintaining such
obstruction.

SAME.—*Indictment for Obstructing Highway.*—All that is necessary to con-
stitute a good indictment for obstructing a public highway is to allege
such facts as meet the requirements of the statute defining the offence.

SAME.—*Criminal Intent.*—*Bad Faith.*—To constitute the offence of obstruct-
ing a public highway, it is not necessary, under the statute, that there
be a criminal intent, and the indictment need aver none, nor need it
aver that the acts were done in bad faith.

SAME.—*Condition of Highway before Obstruction.*—An indictment for ob-
structing a public highway need not allege the condition of the high-
way before the obstruction complained of.

From the DeKalb Circuit Court.

*L. T. Michener,* Attorney General, and *E. A. Bratton,* for
the State.

*J. H. Collins* and *J. E. Rose,* for appellee.

BERKSHIRE, J.—This was a prosecution against the ap-
pellee for the obstruction of a public highway.   The charg-
ing part of the indictment is as follows:

" That on the first day of March, 1888, at the county of
DeKalb, in the State of Indiana, said Baltimore and Ohio
and Chicago Railroad Company, over its right of way in
said county, at the crossing of said railroad and a certain
public highway located upon and along the line running
north between the southeast quarter and the southwest
quarter of section number three (3), in township number

thirty-three (33) north, of range number thirteen (13) east, did then and there unlawfully build, erect, and construct a certain high, precipitous, steep, unsafe, and dangerous bridge, thereby greatly obstructing and encumbering said public highway, and did unlawfully deposit large quantities of earth and other materials as approaches and embankments to said bridge, in a steep, dangerous and narrow manner and condition, as to obstruct travel on said highway, and rendering the same very dangerous and hazardous; and did unlawfully, from said first day of March, 1888, continuously until the finding of this indictment, continue to unlawfully maintain, obstruct and encumber said public highway in the unsafe, dangerous and hazardous condition as aforesaid; and did then and there, and during all of said time allow, suffer and permit said public highway to be so unlawfully encumbered and obstructed by said bridge embankments and approaches as aforesaid."

On motion of the appellee the court quashed the indictment; the appellant reserved an exception, and prosecutes this appeal, assigning as error the ruling of the court in quashing said indictment.

By virtue of section 1897, R. S. 1881, corporations are subject to prosecution, the same as natural persons, for creating, continuing, or maintaining a public nuisance, or for obstructing a public highway or navigable stream. Section 1964 makes it a criminal offence to obstruct a public highway.

It is contended by appellee's counsel that the remedy in cases like the one made by the indictment is by a writ of mandate to compel the corporation to remove the obstruction, or nuisance, and that the appellee is not, therefore, liable to be prosecuted for a criminal offence. This may be one remedy, but it is not exclusive.

Section 1964, *supra,* recognizes no such exception, and it would be judicial legislation for the courts to recognize any such exception. Besides, section 1897, *supra,* would have to be disregarded before such an exception could be recognized.

It is argued that the indictment is bad because it fails to charge a criminal intention. All that is necessary to a good indictment for obstructing a public highway is to allege such facts as meet the requirements of the statute. 1 Bishop Crim. Law, section 1075; Nichols v. State, 89 Ind. 298.

Under the statute, it is not necessary to the commission of the offence that the acts done be accompanied with a criminal intent.

A further contention is, that in the erection of its bridge the law allowed to the appellee a discretion, in the nature of a judicial discretion, and similar to that allowed to cities in the improvement of streets and alleys, and that to make the indictment good it was necessary for it to allege that the appellee acted in bad faith.

What we have already said is an answer to this contention. But if we concede, for the sake of argument, that in the erection of its bridge the appellee was allowed the discretion contended for, it would not follow that it would be allowed to continue the obstructions for the length of time alleged in the indictment.

Another objection taken to the indictment is, that the condition of the highway, before the obstruction, is not alleged. This was unnecessary. It is alleged that there was a highway; that the appellee obstructed it; the character of the obstruction is given, and it is alleged that travel was thereby obstructed, and the public greatly inconvenienced.

The allegations in the indictment are certain to a common intent, and this is all that is required. Sections 1731 and 1755, R. S. 1881; McCool v. State, 23 Ind. 127; Meiers v. State, 56 Ind. 336; State v. Jenkins, ante, p. 268.

We think the indictment is good, and that the court erred in quashing it. Nichols v. State, supra; Bybee v. State, 94 Ind. 443; State v. Berdetta, 73 Ind. 185; State v. Louisville, etc., R. W. Co., 86 Ind. 114.

Judgment reversed, with costs.

Filed October 12, 1889.