O'NEILL, Respondent, v. ST. LOUIS TRANSIT
COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1904.

1. **STREET RAILWAYS: Contributory Negligence: Hose Cart.**
The driver of a hose cart, in driving to a fire, having by ordinance a right-of-way on the street, saw a car approaching from a cross-street and brought his team under control, when the car stopped and while he was driving around the front of the car, it started suddenly forward so that he was obliged to rein his team aside to avoid collision with the car and ran into a lamp post causing the injuries for which he sued the street railway company. *Held,* he was not guilty of contributory negligence as a matter of law.

2. ———: **Pleading: Petition: Ambiguous Allegation.** The allegation of the petition that the car was negligently "drawn across" the street, while ambiguous, was sufficient after verdict, no motion having been filed to make it more definite.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Sears Lehmann* and *George W. Easley* for appellant; *Boyle, Priest & Lehmann* of counsel.

(1) No negligence was proved against defendant; the allegation of petition being that defendant negligently allowed its car to be drawn across the intersection of Olive street and Compton avenue; and there being no evidence that the motorman, after he should have become aware that plaintiff was about to place himself in a position of peril, could have stopped his car any quicker than he did, or could have avoided the accident in any manner whatsoever. McGauley v. St. Louis Transit Co., 179 Mo. 583, 79 S. W. 461; Cogan v. Railway, 101 Mo. App. 179, 73 S. W. 738; Hanselman v.

Railway, 88 Mo. App. 123; Molyneaux v. Railway, 81 Mo. App. 25; Zurfluh v. Railway, 46 Mo. App. 636. (2) The uncontradicted evidence showed conclusively that plaintiff was guilty of negligence which contributed to his injury. Railway v. Baker, 28 So. 87; Greenwood v. Railroad, 17 Atl. 188; Garritt v. Railway, 70 N. W. 1018; Guiney v. Railway, 167 Mo. 598, 67 S. W. 296.

*Ernest. E. Wood* for respondent.

### STATEMENT.

The petition avers that on October 12, 1902, the plaintiff was hurt while driving a reel or hosecart in the city of St. Louis and that his injuries were caused by the negligence of the motorman operating one of the defendant's street cars. The accident happened about four o'clock in the afternoon at the intersection of Compton avenue and Olive street. Plaintiff was the driver of hosecart No. 17 of the city fire department and his station was at the corner of Easton and Leonard avenues, north of Olive street. An alarm of fire was turned in at the engine house at the hour stated, the alarm coming from the southern part of the city at Manchester and Compton avenues. Plaintiff started to the fire on his hosecart, driving into Compton avenue and down that thoroughfare to Olive street. As he approached Olive street he saw bystanders waving their hands, apparently to the operatives of a car on Olive street west of Compton. Two car lines ran on Olive street and the car which caused the mischief was running on the south, or east-bound, track. Plaintiff says that from the gestures of the people he understood a car was approaching and there was danger of a collision; so he got his team under control. The car stopped east of the west crossing of the two streets and plaintiff's testimony is that he then started to cross Olive street ahead of it and at that instant the car suddenly

shot forward, forcing him, in order to avoid a collision and harm to the passengers on the car, to whirl his team suddenly to the left, which resulted in the cart striking a lamp-post at the southeast corner of Olive street and Compton avenue. This diagram of the locality will assist to an understanding of how the accident happened:

The negligence alleged in the petition is that the motorman in disregard of the warning of the by-standers, ''negligently allowed and caused his car to be drawn in a position on Olive street directly across the intersection of Compton avenue, and directly in front of the reel driven by this plaintiff, which was approaching at a rapid rate. That this plaintiff saw that the reel would dash into the said car and injure many passengers thereon, and he turned the same to one side in an attempt to avoid said collision; and as he thus attempted to avoid a collision with the said car, his reel was driven, on account of the said negligence of the said agent of the said defendant, against an iron lamp-post and this plaintiff was thrown heavily to the street.'' A breach is charged of a municipal ordinance of the city of St. Louis which provides that all fire apparatus shall have the right-of-way in any street when going to an alarm of fire, and that any person, driver, or conductor of any vehicle or street car which shall carelessly or otherwise obstruct the fire apparatus of the city while going to a fire, shall be deemed to be guilty of a misdemeanor. The alleged breach of that ordinance is that the servants of the defendant, operating the car in question, failed to allow plaintiff's reel to have the right-of-way and, instead, drew the car directly in front of the reel and so as to obstruct its passage.

There was a verdict for the plaintiff.

It is said the jury should have been directed to return a verdict for the defendant because negligence on the part of the motorman was not proven, while the evidence showed indisputably that the plaintiff was guilty of negligence which caused his injury.

GOODE, J. (after stating the facts).—Instead of the evidence showing without conflict that the plaintiff was guilty of contributory negligence in driving across the Olive street car tracks at a high and reckless speed,

his own testimony, which was borne out by other witnesses, is that when half a block north of Olive street he reined his team into perfect control and kept them under control from then until the accident occurred. It is useless to repeat the plaintiff's testimony on that subject, for there can be no question that it was as stated. As to reckless driving being the proximate cause of the collision, that issue is out of the case on this appeal. Of course the jury might have found the plaintiff drove recklessly and thereby brought on the casualty, for there was testimony to justify such a view; but by no means all the evidence was that way. The testimony of the plaintiff in regard to having his team under control distinguishes this case from the one chiefly relied on by the appellant, to-wit, Birmingham, etc., Railroad v. Barker, 28 So. 87. In that case the opinion says there was no effort to check the speed of the hosecart on its approach to the railway track, and the Supreme Court of Alabama deemed the evidence to prove plaintiff guilty of negligence, conclusive. The facts presented here are essentially different on the decisive point.

The testimony for the plaintiff goes to show that the street car stopped on the crossing of Olive street and Compton avenue, presumably to let the hosecart drive past. When the plaintiff attempted to proceed around the front of the car, the motorman turned on the power and the car shot forward, forcing the plaintiff to rein his team violently to the east, thereby throwing the cart against the lamp-post. We think no court would hold that contributory negligence was conclusively established against the plaintiff on such a showing, and we would hesitate to follow a precedent to that effect unless we were bound by it. It is incredible that the motorman should have intended to bring about a catastrophe, and the probable explanation of his conduct in sending the car forward suddenly, is that he had become confused by the gestures and shouts of

the excited crowd on the street corners. We have stated the facts according to the testimony for the plaintiff; that for the defendant goes to show the plaintiff was to blame. A prima facie case was shown.

The petition is somewhat ambiguous in its charges. The allegation that the car was negligently "drawn across" Compton avenue, might signify that it was suddenly stopped on the crossing in front of plaintiff's team and that the stop forced the plaintiff to wheel around with the disastrous result that followed. No motion was filed for a more definite petition and the evidence as to the exact facts of the accident went in without objection. The instructions followed the language of the petition in requiring the jury to find the accident happened as charged. No insistence was laid on the ambiguity of the charge of negligence and it is probably sufficient after verdict.

The judgment is affirmed. All concur.