MARK W. BLAKE, PROSECUTOR, v. CITY OF PLEASANT-
VILLE AND THE RODNEY HOTEL COMPANY, A COR-
PORATION OF NEW JERSEY, RESPONDENTS.

Submitted March 18, 1915—Decided August 4, 1915.

1.  An ordinance, regulative in its character, and in conformity with the statute from which it derives its force, will not be rendered inefficacious simply because it fails to embrace, in terms, all the provisions of the statute.
2.  An ordinance will not be presumed to be contrary to a statute where the latter provides, among other things, that no liquor license shall be granted to an alien merely because such ordinance fails to contain a provision to that effect.
3.  An ordinance will be presumed to be in conformity with the statute from which it derives its vitality unless the contrary is expressly made to appear.
4.  An ordinance, purely regulative in character, is not void because it prescribes no penalty for the violation thereof.
5.  Where a section of an ordinance appears to require a penalty for its violation to make it enforceable, the lack of the efficacy of such section will not defeat the remaining sections of the ordinance where such section is clearly separable from the rest of the ordinance.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Babcock & Champion.*

For the respondents, *Elwood C. Weeks,* attorney for city of Pleasantville.

The opinion of the court was delivered by

KALISCH, J. Two writs of *certiorari* were sued out of this court by the prosecutor. By consent of counsel the two cases were presented together, since the legal question for decision is practically the same in both.

One involves an ordinance of the city of Pleasantville adopted January 18th, 1915, entitled "An ordinance regulating inns and taverns, to sell spirituous, vinous, malt or brewed liquors in quantities less than one quart in said Pleasantville;" and the other an ordinance of the same date entitled "An ordinance regulating the sale of spirituous, vinous, malt or brewed liquors in quantities from one quart to five gallons and regulating a license therefor."

Pleasantville is a city under twelve thousand inhabitants and operates under the law of 1897. *Pamph. L., p.* 59; *Comp. Stat., p.* 1297, § 23.

Section 23 provides: "The sole and exclusive power to grant licenses to keep inns and taverns within such cities shall be vested in the common council, on such terms, and under such limitations, regulations and restrictions as the said common council shall, by their ordinance impose."

Under the ordinances above set forth the Rodney Hotel Company applied to the common council of the city of Pleasantville for a wholesale and a retail liquor license, both of which were granted.

The validity of the ordinance under which the retail liquor license was granted is attacked by the prosecutor, on the grounds that it provides for a form of application contrary to

the statute; that it does not limit the granting of licenses to citizens of the United States, and because it has no penalty.

The particular claim made is that the broad power conferred by the charter of the city of Pleasantville to license and regulate inns and taverns is limited by the act of 1889, as amended in 1906. But even if all this were conceded, the prosecutor has utterly failed to point out anything in the ordinance that conflicts with the act of 1889, as amended in 1906. The insistence of the counsel for the prosecutor is, that because the ordinance fails to embrace within its terms all the provisions of the amended act of 1889 relating to applications for retail liquor licenses, that, therefore, the ordinance is void.

The proposition is rather a startling one, that an ordinance, regulative in its character and which is, in substance, in conformity with the statute from which it derives its force, will be rendered inefficacious, if it fails to embrace, in terms, all the provisions of the statute.

Few ordinances could survive such an arbitrary and illogical test.

Before leaving this subject, it should be observed that the applications for both the wholesale and retail liquor license appear to be in conformity with the ordinances and the statute.

The next objection urged against the validity of the ordinance is that it does not limit the granting of licenses to citizens of the United States, as is required by section twenty-three of the act of 1889, as amended in 1906.

The fallacious basis on which this objection rests is apparent. Since it is conceded that the general law limits the granting of such licenses to citizens of the United States, we are unable to perceive how any ordinance can change it. And, in fact, the ordinance does not, in any aspect, purport to do so; for it nowhere provides that aliens shall have licenses. If there is anything in the ordinance that provides for something that the statute forbids, our attention has not been directed to it.

An ordinance will not be presumed to be contrary to a

statute, where the latter provides, among other things, that no liquor license shall be granted to an alien, merely because such ordinance fails to contain a provision to the same effect.

There is no more reason for requiring such an extraordinary thing to be done than there would be to require the legislature in enacting a statute, concerning life, liberty or property, to insert in such statute the constitutional mandate on the subject.

An ordinance will be presumed to be in conformity with the statute from which it derives its vitality, unless the contrary is expressly made to appear.

These views dispose also of the objection made against the validity of the ordinance, relating to the granting of wholesale liquor licenses, on the ground that it does not contain any provision limiting the term of the license to one year.

The general law limits the granting of liquor licenses to the term of one year, and there is nothing in the ordinance to the contrary. From the record, in the present case, it appears that the common council granted the license for the term of one year.

For the prosecutor, it is further urged by counsel that the ordinance relating to the granting of retail liquor licenses is void, because it prescribes no penalty for a violation thereof, and they cite *Tomlin, Prosecutor,* v. *Cape May,* 63 *N. J. L.* 429, in support of their contention.

This case was expressly disapproved of by our Court of Errors and Appeals in *Doran* v. *Camden,* 64 *N. J. L.* 666.

The cases in this state holding the contrary view to the one taken in Tomlin *v.* Cape May, are collated in *Schwarz Brothers Co.* v. *Board of Health (Court of Errors and Appeals),* 84 *N. J. L.* 735.

The error in *Tomlin* v.. *Cape May, supra,* consisted in a failure of this court to distinguish between an ordinance which is nugatory and unenforceable because it has no penalty and an ordinance which does not profess to impose a penalty.

It is obvious that the ordinance relating to the granting of retail liquor licenses does not profess to impose a penalty. It is purely regulative in its nature.

The ordinance contains nine sections, none of which, with the exception, perhaps, of section 1, is compatible with a penalty attached.

Contemplating the ordinance in its entirety, it becomes manifest that it was intended to prescribe a mode of procedure by which an applicant for a license to keep an inn and tavern, &c., might obtain one, and not to impose a penalty.

But even if section 1 required a penalty in order to make it enforceable, the lack of its efficacy cannot operate to defeat the rest of the ordinance.

It is clear, from a reading of the ordinance, that section 1 is separable from the rest of the ordinance and can be exscinded without affecting, in the least, a complete and harmonious working of the remaining sections. And that this may be done without vitiating the entire ordinance is well settled. *Schwarz Brothers Co.* v. *Board of Health, supra.*

Finally, it is argued for the prosecutor that the fifth section of the ordinance relating to the granting of wholesale liquor licenses is void because the penalty expressed in section 5 thereof is uncertain and in excess of charter authority. Sections 1, 3 and 4 relate to the imposition of a penalty. But it plainly appears that they are separable from and independent of the other two sections of the ordinance which provide a procedure by which an applicant for a wholesale liquor license may obtain one.

Under the view that we have already expressed above, in considering the validity of the ordinance respecting retail liquor licenses, we are not called upon to express any opinion regarding the validity of any of the penal sections attacked by the prosecutor, for, even if we deemed them to be void, they could be readily exscinded from the ordinance without impairing the efficacy of the remaining sections.

The position taken by counsel for the prosecutor, that the action of the common council in granting the retail liquor license is illegal because section 1 of the act of 1913 (*Pamph. L., p.* 574) provides, *inter alia,* that no license to keep an inn and tavern or to sell spirituous liquors, &c., in quantities less than one quart in any city, &c., by any court, &c., until the

ratio of population therein to the number of licenses issued shall be greater than five hundred to one, and because the requirement of the statute in that respect was not in any respect complied with, is untenable. For it appears from the stipulated facts between counsel of the respective parties, that at the time of the granting of the license to the Rodney Hotel Company there was no other place in the city of Pleasantville licensed to keep an inn and tavern and to sell spirituous liquors, &c., in quantities less than one quart. The statute invoked is, therefore, clearly inapplicable.

The proceedings in each case will be affirmed, with costs.