INDIANAPOLIS TRACTION AND TERMINAL COMPANY
v. HENSLEY.

[No. 21,847.    Filed April 25, 1917.    Rehearing denied June 29,
1917.]

1.   STREET RAILROADS.—*Action for Injuries.—Use of Streets by
     Fire Department.—Notice.*—In an action by the driver of a fire
     engine for injuries sustained in a collision with a street car,
     the fact that the motorman had seen another piece of fire ap-
     paratus pass him shortly before the accident constituted ex-
     press notice that the fire department was responding to an
     alarm which required the use of the streets at or near the
     point of collision.   p. 485.

2.   STREET RAILROADS.—*Action for Injuries.—Negligence.—Evi-
     dence.*—In an action against a street railroad by the driver of
     a chemical fire engine for injuries sustained in a collision with
     a street car, the fact that the motorman had notice that the
     fire department was responding to an alarm requiring the use
     of the streets, coupled with the fact that other street cars cut
     off his view in the direction from which the fire apparatus was
     approaching, was proper to be considered by the jury in de-
     termining the degree of care which the motorman exercised
     under the circumstances.   p. 485.

3.   STREET RAILROADS.—*Operation.—Action for Injuries.—Neg-
     ligence.—Violation of Municipal Ordinance.*—Where a munici-
     pal ordinance granted the privilege of the city's streets to the
     fire department, while in the discharge of its duty, on condition
     that certain regulations were observed as to the equipment of
     fire engines with warning gongs and as to the use of them when
     the apparatus was traveling at a rapid rate of speed, an in-
     struction, in an action against a street railway company for
     injuries sustained by the driver of a fire engine in a collision
     with a street car, that if plaintiff was injured without his
     fault as a proximate result of the motorman's failure to grant
     him the privilege of the street, in violation of the ordinance,
     and at the time the fire department was observing the provisions
     thereof, such violation would be negligence *per se* and a recov-
     ery was authorized, was not improper as against the objection
     that such instruction erroneously construed the ordinance as
     imposing a duty on defendant, since the ordinance granted to
     the fire department a superior right of way over the streets,
     so that there was necessarily imposed on other users of the
     street a duty to yield the same for the passage of fire ap-
     paratus.   pp. 486, 487, 488.

Indianapolis Traction, etc., Co. *v.* Hensley—186 Ind. 479.

4. MUNICIPAL CORPORATIONS.—*Speed Regulations.*—*Scope.*—*Fire Apparatus.*—It is the general rule that municipal ordinances limiting or regulating the speed of travel through city streets are not applicable to vehicles of the fire department on their way to fires, even without express provision to that effect. p. 486.

5. MUNICIPAL CORPORATIONS.—*Penal Ordinances.*—*Section Fixing Penalty.*—A penalty may be prescribed in a section of an ordinance other than the one which declares the offense. p. 487.

6. EVIDENCE.—*Municipal Ordinances.*—*Judicial Notice.*—*Pleading.*—Courts do not take judicial notice of ordinances of incorporated towns, and where suit is predicated on such an ordinance so much thereof as relates to the action must be made part of the complaint. p. 487.

7. EVIDENCE.—*Municipal Ordinances.*—*Presentation of Defenses.*—*Pleading.*—As courts do not take judicial notice of ordinances of incorporated towns, matters of defense which touch the scope of such an ordinance or its sufficiency as a foundation of the action must be specially presented in the trial court by motion, demurrer or answer. p. 487.

8. STREET RAILROADS.—*Operation.*—*Action for Injuries.*—*Question for Jury.*—In an action against a street railroad company for injuries sustained by the collision of a fire engine with a street car, whether an ordinance granting the fire department the privilege of the streets was in force at the time of the accident and its provisions were being observed by members of the fire department, whether defendant's motorman failed to yield the right of way to plaintiff and the question of contributory negligence on the part of plaintiff were issues presenting questions of fact for determination by the jury. p. 489.

9. STREET RAILROADS.—*Operation.*—*Action for Injuries.*—*Negligence.*—*Violation of Ordinance.*—*Obstruction of Street.*—*Instructions.*—In an action against a street railroad company for injuries sustained by the driver of a fire engine in a collision with a street car, an instruction referring to a city ordinance making it an offense to hinder the fire department when passing along the streets to or from a fire and informing the jury that if they should find that such ordinance was in force and effect at the time of plaintiff's injury and "that defendant did negligently obstruct plaintiff. while driving his said chemical engine along a street of said city, while going rapidly to a fire," they should find defendant guilty of negligence was not erroneous when construed in connection with another instruction properly defining negligence as the "failure to do what a reasonable and prudent person would ordinarily have done

Indianapolis Traction, etc., Co. v. Hensley—186 Ind. 479.

under the circumstances of the situation, or doing what such a person, under the existing circumstances, would not have done," since the instruction complained of, when so construed, sufficiently charged the jury that before defendant could be found guilty of a violation of the ordinance, it must appear that its obstruction of the street was the result of a failure on the part of its motorman to use due care under all the circumstances. p. 489.

10. APPEAL.—*Presenting Questions for Review.—Instructions.— Failure to Request More Specific Instructions.*—Where instructions are not sufficiently specific, to make infirmities, if any, available on appeal, a more specific charge must first have been requested and, in the event of its refusal, error must be assigned on such ruling. p. 490.

11. APPEAL.—*Brief.—Waiver of Error.*—An objection to the refusal of the trial court to give a tendered instruction is technically waived by the failure of appellant to make reference thereto in the points and authorities set out in its brief. p. 491.

12. STREET RAILROADS.—*Action for Injuries.—Violation of Ordinance.—Negligence.*—Where a municipal ordinance imposed a penalty for obstructing the fire department from freely passing along the streets while going to or from a fire, a violation of the ordinance was not confined to wilful or intentional interference with fire apparatus, and proof of negligence on the part of defendant, regardless of the question of intent, would be sufficient to establish a violation of the ordinance and to create a liability in favor of one who was injured as a result of such negligence without fault on his part. p. 491.

13. APPEAL.—*Review.—Invited Error.—Instructions.*—Appellant cannot complain of error, if any, in an instruction, where the same principle of law is embodied in another instruction given at its request. p. 491.

14. STREET RAILROADS.—*Right of Way at Street Crossings.— Rule of the Road.*—The rule of the road that, when vehicles approach a street crossing, the first to reach the crossing, traveling at a reasonable rate of speed, has the right to pass over first, applies to fire apparatus and street cars, in the absence of legislative enactment, municipal regulation, or local custom to the contrary. p. 492.

15. STREET RAILROADS.—*Right of Way at Street Crossings.— Care Required.*—The fact that the driver of a fire engine has the right of way does not excuse or exempt him from the duty to exercise due care and prudence in driving his team on or across a street railway track, but, as ordinary care is care com-

mensurate with the occasion, his conduct is to be measured by the exigencies of the situation. p. 492.

16. STREET RAILROADS.—*Action for Injuries.—Ordinance Giving Fire Department Right of Way.—Contributory Negligence.—Presumptions.*—Where fire apparatus is given the right of way in the public streets when responding to an alarm of fire by law or ordinance, that fact has a material bearing on the question of the contributory negligence of the driver of a fire engine who is injured in a collision of such apparatus with a street car, since he will be presumed to be familiar with such law or ordinance and is justified in assuming that the same will be observed by a street car motorman on discovering the approach of the fire engine. p. 493.

17. STREET RAILROADS.—*Action for Injuries.—Contributory Negligence.—Jury Question.*—Where a law or ordinance gives fire apparatus the right of way over the public streets when responding to an alarm of fire, the negligence of the driver of a fire engine who is injured in a collision with a street car is a question to be determined by the jury. p. 493.

18. APPEAL.—*Review.—Instructions.—Construction as a Whole.*—An objection directed against an isolated clause in an instruction may be considered only in connection with the general charge. p. 494.

19. DAMAGES.—*Personal Injuries.—Measure of Damages.—Mental Anguish.—Instruction.*—In an action for personal injuries an instruction that plaintiff could recover for mental and physical suffering directly and proximately resulting from defendant's negligence as charged in the complaint was proper. p. 494.

20. APPEAL.—*Review.—Instructions.—Damages.—Presumptions.*—The rule that instructions authorizing a recovery for elements of damage which come within the issues, but are not established by proof, are presumptively harmful is not superior to the rule that the jury will not be presumed to have awarded compensation for a loss not fully shown by the evidence, unless the record presents strong evidence that the jury based its award, in part, at least, on an element of damage which required definite proof and, in so doing, must necessarily have entered the realm of. speculation. p. 495.

21. APPEAL.—*Review.—Rulings of Trial Court.—Presumption.*—The presumption in favor of correct action on the part of the trial court is one of the strongest presumptions applicable to the consideration of a cause on appeal and is of particular importance in determining questions which affect the weight or sufficiency of the evidence to sustain each issue of the jury's verdict. p. 495.

22. APPEAL.—Review.—Instructions.—Measure of · Damages.—
Presumptions.—If an instruction on the measure of damages
authorizes recovery for elements of loss which are outside of
the issues, the conclusion may rightly follow that the same
error of law has influenced the trial court's decision as to the
sufficiency of the evidence to sustain the award, or, when the
amount of the verdict is such as plainly to indicate prejudice,
partiality or other undue influence, that fact will negative the
presumption that the evidence was properly reviewed in passing
on the motion ·for, a new trial.   p. 496.

23. APPEAL.—Excessive Damages.—Waiver of Error.—Briefs.—
Presumptions.—Where a specification in a motion for a new
trial that the damages assessed are excessive is abandoned in
the statement of errors relied on for reversal in appellant's
brief, any contention that the award of the jury must have been
influenced by prejudice, partiality, corruption or other improper
motive is waived, and it will be presumed on appeal that the
trial court has reviewed the evidence on the question of damages
and found that the verdict is properly sustained thereby.
p. 496.

24. APPEAL.—Review.—Instructions.—Presumption.—Where the
jury is instructed that it "may" allow compensation for ex-
penses, "if any," necessarily incurred by plaintiff in attempting
to effect a cure of his injuries, the charge in effect prohibits such
an allowance unless such expenses and the amounts are shown
by the evidence, and the presumption is that the jury so under-
stood the instruction.   p. 496.

25. APPEAL.—Review.—Instructions.—Measure of Damages.—
Presumption.—If an instruction on the measure of damages is
within the issues tendered by the pleadings and the trial court
appears properly to have determined as an issue of fact that
the award is not excessive, it will be presumed on appeal that
such award is in accord with the evidence and the error, if any,
in the instruction will be deemed harmless, in the absence of
an express showing to the contrary.   p. 497.

From Hancock Circuit Court; *Robert L. Mason*,
Judge.

Action by Samuel J. Hensley against the Indian-
apolis Traction and Terminal Company.   From a judg-
ment for plaintiff, the defendant appeals.   *Affirmed.*

*W. H. Latta, F. Winter, M. E. Foley* and *D. E. Wat-
son,* for appellant.

*Wymond J. Beckett,* for appellee.

SPENCER, J.—Appellee brought this action to recover damages for personal injuries sustained by him in a collision between a chemical fire engine, on which he was at the time employed as the driver, and a construction or work car then owned and operated by appellant. The collision occurred at the intersection of Illinois and Maryland streets in the city of Indianapolis at a time when the fire apparatus was being driven south on the west side of Illinois street in response to an alarm of fire. The construction car, which was traveling west on Maryland street, had reached the street intersection ahead of the fire wagon, and had there stopped to permit one of the crew to turn the switch and was proceeding westwardly across Illinois street when the apparatus collided with it and appellee was thrown to his injury. The above facts are not disputed by either of the parties but in determining the issues of law presented by this appeal other circumstances which were in evidence before the jury must be considered. A street sweeper, who was at work near the scene of the accident, testified that when he heard the fire apparatus coming south on Illinois street and noticed the construction car approaching the crossing, he waved his broom before the car as a signal to stop, but the motorman was looking back and talking to some one in the car and the witness was unable to get his attention; that the rotary gong on the fire apparatus was sounding so that it could be heard for the distance of a square or more; and that several bystanders shouted to the motorman of the construction car, but he did not appear to heed their warning. The substance of this testimony is corroborated by several other witnesses and tends to show either that the motorman deliberately ignored the efforts of bystanders to warn him of the approaching fire engine or that he was not giving proper attention to his surroundings as he reached the street crossing. The latter

conclusion, at least, is strengthened by the motorman's admission that another piece of fire apparatus had passed him just one square east of the point of collision and that he did not observe in what direction it went on reaching Illinois street. This circumstance was express notice to the motorman that the fire department was responding to an alarm which required its use of the streets at or near the point of collision, and, coupled with the fact that other street cars on Illinois street cut off his view to the north, was proper to be considered by the jury in determining the degree of care which he used under all the circumstances.

As to whether appellee was guilty of contributory negligence, it must be conceded that he was driving his team at a rapid rate of speed through the city streets in response to the alarm of fire, but there is evidence also that his horses were under control as he approached the intersection of Maryland and Illinois streets and that as soon as he saw the construction car cross his path from behind another street car which was standing on Illinois street, he made every effort to turn his team west into Maryland street and avoid a collision but was then unable to do so. Furthermore, as will hereinafter appear, appellee's conduct is to be measured in the light of certain privileges that were his at the time under and by virtue of two ordinances of the city of Indianapolis which were pleaded specially in the second paragraph of complaint and introduced in evidence at the trial. One of these ordinances granted "the privilege of the streets of said city" to the fire department, while in the discharge of its duty, on condition that certain regulations were observed as to the equipment of fire engines with warning gongs and as to the use of the same when the apparatus should be traveling at a rapid rate of speed. The other ordinance provided, in

part, that "should any person or persons hinder or obstruct any city fire company or hook and ladder company, or any member thereof, from freely passing along the streets of the city, to or from a fire," he or they should be fined, etc.

Relative to the first of these ordinances the trial court, in instruction No. 6 given at the request of appellee, told the jury, in substance, that the violation of

3. a city ordinance resulting in injury to another is negligence *per se* and that if it should appear from the evidence that the ordinance in question was in force at the time of appellee's injury and its provisions were then being observed by the members of the fire department, and that appellee was injured, without his fault, as a proximate result of appellant's failure to grant him the privilege of the streets, in violation of said ordinance, then the verdict should be for appellee.

The objections urged against this instruction are: (1) That it erroneously construes the ordinance as imposing a duty on appellant, and (2) that it improperly authorized the jury to determine as a matter of law what acts would constitute a violation of said ordinance as well as to pass on the issue of appellant's guilt in the commission of such acts. As against the ordinance itself it is suggested that its purpose is not to grant to any one a superior right of way over public streets or to place a duty on other travelers with regard thereto, but only to exempt firemen from the operation of speed ordinances and, possibly, traffic ordinances.

It must be borne in mind, however, that the decided weight of authority is to the effect that ordinances limiting or regulating the speed of travel through

4. city streets are not applicable to vehicles of the fire department on their way to fires, even without express provision to that effect. *Kansas City* v. *McDonald* (1899), 60 Kan. 481, 483, 57 Pac. 123, 45

L. R. A. 429; *State* v. *Sheppard* (1896), 64 Minn. 287, 67 N. W. 62, 36 L. R. A. 305; *Farley* v. *Mayor, etc.* (1897), 152 N. Y. 222, 227, 46 N. E. 506, 57 Am. St. 511; *Toledo R. etc., Co.* v. *Ward, Admx.* (1903), 25 Ohio Cir. Ct. Rep. 399, 404; *Chicago City R. Co.* v. *McDonough* (1905), 125 Ill. App. 223, 237. To adopt that construction of the ordinance which is suggested above would be to say that its passage was a useless act. Furthermore, the contention that such construction of the ordinance is made imperative by the fact that it prescribes no penalty for its violation is not properly presented by the record as it comes to this court. Although cases may be found which hold that a municipal ordinance which imposes obligations but provides no penalty for its violation is void, the trend of modern decisions is toward the rule that the penalty, though usually and more properly fixed by the ordinance itself, may, in certain instances, be supplied or more clearly defined by reference to general or statutory provisions of the law applicable to the subject-matter, and, in any event, there can be no doubt that the penalty may be prescribed in a section of the ordinance other than the one which declares the offense. *Cooper* v. *City of Gadsden* (1914), 10 Ala. App. 609, 612, 65 South. 715; *Blake* v. *Pleasantville* (1915), 87 N. J. Law 426, 429, 95 Atl. 113; *Brunker* v. *Corporation Tp.* (1893), 22 Ont. 120, 124; *Brown* v. *Toledo* (1900), 7 Ohio N. P. 435.

On the other hand, the general rule is well settled that courts do not take judicial notice of ordinances of incorporated towns and, where suit is predicated on such an ordinance, so much of the same as relates to the action must be made a part of the complaint. *Clevenger* v. *Town of Rushville* (1883), 90 Ind. 258, 260. Similarly, matters of defense which touch the scope of such ordinance

or its sufficiency as a foundation for the action must first be specially presented in the trial court by motion, demurrer or answer. Since we do not know judicially whether another section of the ordinance in question prescribes a penalty for its violation, we may not pass on the point suggested by counsel but need only determine whether the construction placed on that ordinance by the trial court in instruction No. 6 may properly be sustained under the facts shown by the record.

The instruction, in its phraseology, follows closely the language of the ordinance but, taken as a whole, clearly interprets its provisions as granting to the fire

3. department a right of way over the city streets when responding to an alarm of fire. While this purpose might readily have been stated in more definite terms, the word "privilege" is one of broad meaning and, when considered in connection with the other provisions of the ordinance, so far as they appear, it is open to the interpretation given to it by the trial court. In fact, appellant's instruction No. 3, which was given to the jury, contains a tacit admission that the ordinance might operate as a grant to the fire department of a superior right of way, and for the purposes of this appeal, at least, it must be so construed. That construction leads to the obvious corollary that the ordinance places on other users of the street a duty to yield the same for the passage of fire apparatus, and a violation of that duty is negligence *per se*. *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775, 778; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 453, 78 N. E. 1033; *McBride* v. *Des Moines City R. Co.* (1907), 134 Ia. 398, 109 N. W. 618; *Geary* v. *Metropolitan St. R. Co.* (1903), 84 App. Div. 514, 82 N. Y. Supp. 1016; *Warren* v. *Mendenhall* (1899), 77 Minn. 145, 79 N. W. 661.

Our conclusions above stated, in their effect, serve to

dispose of appellant's second objection to the instruction under consideration, since they make clear the fact that said instruction authorized the jury to determine four issues only: (1) Whether the ordinance was in force at the time of the accident; (2) whether its provisions were being observed by the members of the fire department; (3) whether appellant's employes failed to yield the right of way to appellee; and (4) whether appellee's own conduct proximately contributed to his injury. Each of these issues presented a question of fact.

Instruction No. 7 given at the request of appellee, has reference to the second of the ordinances relied on in the complaint and told the jury that if they should find that said ordinance was in force and effect at the time of appellee's injury and should further find "that the defendant did negligently obstruct this plaintiff while driving his said chemical engine along a street of said city, while going rapidly to a fire," they should find appellant guilty of negligence and return a verdict for appellee unless it should appear that he was guilty of contributory negligence. Much that has been said in our discussion of instruction No. 6 is applicable to a consideration of instruction No. 7, particularly as to the scope of the ordinance in question, but the further objection is made against this instruction that it authorizes a recovery for appellee even though it should appear that the obstruction of Illinois street by appellant's work car was innocent in character and resulted from lack of knowledge on the part of the motorman that the fire apparatus was using Illinois street at the time, and from the further fact that after he saw the approaching fire engine he was prevented by other vehicles in the street from either backing his car or moving it forward. We need not decide whether such a defense, if proved, would defeat a recovery. The ordi-

nance is clearly open to the interpretation that a failure to grant a right of way to a vehicle of the fire department might constitute an "obstruction" thereof, within the meaning of its provisions, but it must be noted in this case that the instruction as given requires proof of a *negligent* obstruction before appellee would be entitled to a verdict. This instruction must be construed in connection with instruction No. 2, given at the request of appellee, which, in general terms, properly defines negligence as "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person, under the existing circumstances, would not have done." So construed, the instruction charged the jury that before appellant could be found guilty of a violation of this particular ordinance, it must appear that its obstruction of Illinois street was the result of a failure on the part of its motorman to use due care under all the circumstances. Certainly, appellant should ask no more.

In much of their argument against the instructions which we have already considered counsel for appellant fail to take into consideration the fact that while, 10. in each instance, the phraseology of the instruction is somewhat general and might properly have been made more specific, yet neither instruction, as it stands, assumes to state an erroneous proposition of law. In order, then, to make the infirmities, if any, available on appeal, counsel must first have requested a more specific charge and, in the event of its refusal, assigned error on such ruling. *Cincinnati, etc., R. Co.* v. *Gross* (1917), *ante* 471, 114 N. E. 962, 964; *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 275, 98 N. E. 177; *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra; Indiana Union Traction Co.* v. *Cauldwell* (1905), 59 Ind. App. 513, 516, 107 N. E. 705.

Objection is made to the refusal of the trial court to give appellant's tendered instruction No. 7, but a consideration of this objection is technically waived through the absence of a reference thereto in appellant's propositions and authorities. However, it may be observed that the instruction was properly refused for the reason that it confined the violation of the "obstruction ordinance" to wilful or intentional interference with fire apparatus. Proof of negligence on the part of a defendant, independent of the question of intent, would be sufficient to establish a violation of the ordinance and to create a liability in favor of one who was injured as a result of such negligence without fault on his part. *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621, 624, 96 N. E. 758, 39 L. R. A. (N. S.) 20; *State* v. *Baltimore, etc., R. Co.* (1889), 120 Ind. 298, 300, 22 N. E. 307; *Indianapolis Traction, etc., Co.* v. *Beck* (1914), 57 Ind. App. 527, 530, 108 N. E. 153; *Hamilton* v. *State* (1899), 22 Ind. App. 479, 486, 52 N. E. 419; *Erickson* v. *Great Northern R. Co.* (1912), 117 Minn. 348, 352, 135 N. W. 1129, 39 L. R. A. (N. S.) 237, Ann. Cas. 1913 D 763; 8 R. C. L. 62, §12.

Instruction No. 5, given at the request of appellee, is challenged on the ground that it was not applicable to the evidence. The instruction contains a general charge as to the care and diligence required of street car motormen in the operation of their cars and then points out the application of the rule stated if it should appear from the evidence that appellee's position of danger, as he approached the street crossing, was, or, under the circumstances, should have been seen by appellant's motorman in time to have stopped his car and prevented the collision. Appellant is in no position, however, to complain of the error, if any, in this instruction for the same principle of law is

similarly embodied in instruction No. 9 given at appellant's request. *Hart-Kraft Motor Co.* v. *Indianapolis Motor Car Co.* (1915), 183 Ind. 311, 318, 109 N. E. 39; *Cleveland etc., R. Co.* v. *Simpson* (1914), 182 Ind. 693, 710, 104 N. E. 301, 108 N. E. 9.

Appellant's contention that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, in so far as the same is not already met by our conclusions above set out, may best be disposed of through a statement of certain principles of law which are applicable in cases of this character: (1) The rule of the road in relation to vehicles approaching a street crossing, viz., that the first to reach the crossing, traveling at a reasonable rate of speed, has the right to pass over first, applies to fire apparatus and street cars, in the absence of legislative enactment, municipal regulation, or local custom. *Knox* v. *North Jersey St. R. Co.* (1904), 70 N. J. Law 347, 57 Atl. 423, 1 Ann. Cas. 164; 2 Nellis, Street Railways (2d ed.) §388. (2) The fact that the driver of a fire engine has the right of way does not excuse or exempt him from the duty to exercise due care and prudence in driving his team on or across a street railway track. *Birmingham R., etc., Co.* v. *Baker* (1899), 126 Ala. 135, 140, 28 South. 87; *Garrity* v. *Detroit Citizens' St. R. Co.* (1897), 112 Mich. 369, 371, 70 N. W. 1018, 37 L. R. A. 529. (3) But, as ordinary care is care commensurate with the occasion, his conduct is to be measured by the exigencies of the situation. *Warren* v. *Mendenhall, supra; Consolidated Traction Co.* v. *Chenowith* (1898), 61 N. J. Law 554, 560, 35 Atl. 1067; *Hanlon* v. *Milwaukee Elec. R., etc., Co.* (1903), 118 Wis. 210, 217, 95 N. W. 100; *Magee* v. *West End Street R. Co.* (1890), 151 Mass. 240, 242, 23 N. E. 1102; *Flynn* v. *Louisville R. Co.* (1901), 110 Ky. 662, 669, 62 S. W. 490; *Farley* v. *Mayor, etc., supra; City of New*

*York* v. *Metropolitan St. R. Co.* (1904), 90 App. Div. 66, 70, 85 N. Y. Supp. 693. (4) And whenever there exists a law or ordinance giving fire apparatus the right of way in the public streets when re-sponding to an alarm of fire, that fact has a material bearing on the question of the contributory negligence of the driver of a fire engine who is injured in a collision of such apparatus with a street car, since he will be presumed to be familiar with such law or ordinance and is justified in assuming that the same will be observed by the street car motorman on discovering the approach of the fire engine. *Geary* v. *Metropolitan St. R. Co., supra; Theisen* v. *Detroit United Railway* (1910), 163 Mich. 68, 71, 127 N. W. 708; *Hanlon* v. *Milwaukee Elec. R., etc., Co., supra; McKernan* v. *Detroit, etc., R. Co.* (1904), 138 Mich. 519, 524, 101 N. W. 812, 68 L. R. A. 347; *Pennsylvania Co.* v. *Stegemeier, Admx.* (1889), 118 Ind. 305, 309, 20 N. E. 843, 10 Am. St. 136; *McBride* v. *Des Moines City R. Co. supra; Taylor* v. *Metropolitan St. R. Co.* (1912), 166 Mo. App. 131, 134, 148 S. W. 470; *Chicago City R. Co.* v. *McDonough* (1906), 221 Ill. 69, 74, 77 N. E. 577; *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 702, 88 N. E. 612; *City of New York* v. *Metropolitan St. R. Co., supra,* 69. (5) The negligence of the driver, if any, is, under such circumstances, a question to be determined by the jury. *O'Neill* v. *St. Louis Transit Co.* (1904), 108 Mo. App. 453, 457, 83 S. W. 990; *Consolidated Traction Co.* v. *Chenowith, supra; Farley* v. *Mayor, etc., supra; Hanlon* v. *Milwaukee Elec. R., etc., Co., supra,* 218. The principles above stated were, in their substance, properly embodied in the instructions given to the jury, and there is evidence on each issue of fact presented by the pleadings which is sufficient to sustain the findings in favor of appellee. *Birmingham R., etc., Co.* v. *Baker* (1901), 132 Ala. 507, 518, 31

South. 618; *Hanlon* v. *Milwaukee Elec. R., etc., Co., supra; Warren* v. *Mendenhall, supra.*

The remaining questions presented by the appeal have reference to the measure of damages and arise on appellant's objections to instruction No. 8, given at the request of appellee. This instruction enumerates and authorizes the jury to consider each of the several elements of damage which are set forth in the complaint, so far as the same is sustained by proof, and includes appellee's "physical and mental suffering already endured, if any," and "all expenses incurred necessarily in attempting to effect a cure of said injuries, if any." Appellant takes the position: (1) that instruction No. 8 erroneously fails to limit the character or cause of the mental suffering for which recovery is authorized; and (2) that there is no evidence to show the amount of the expenses, if any, which were incurred by appellee in attempting to effect a cure of his injuries.

The first objection, however, is directed against an isolated clause in the instruction and may be considered only in connection with the general charge, expressly applicable to each element of damage, which required proof that the mental and physical suffering, if any, was "a direct and proximate result of the defendant's negligence as charged in the complaint." So considered, this branch of the instruction is fully sustained by the opinion in *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236, 248, 78 N. E. 978, which is the only authority relied on by appellant in support of its objection, and by the following cases: *Cleveland, etc., R. Co.* v. *Lynn* (1911), 177 Ind. 311, 325, 95 N. E. 577, 98 N. E. 67; *Vandalia Coal Co.* v. *Yemm* (1910), 175 Ind. 524, 540, 92 N. E. 49, 94 N. E. 881; *Wabash, etc., R. Co.* v. *Morgan* (1892), 132 Ind. 430, 438, 31 N. E. 661, 32 N. E. 85;

*Evansville Hoop, etc., Co.* v. *Bailey* (1908), 43 Ind. App. 153, 161, 84 N. E. 549.

The second objection to this instruction is based on appellant's contention that although the evidence indicates that appellee employed physicians and made other efforts to effect a cure of his injuries, there is no evidence as to the amounts, if any, which he expended or as to the obligations which he may have incurred on account of such efforts. Conceding this view of the record, we are not unmindful of decisions that seem to sustain the proposition that instructions authorizing a recovery for elements of damage which come within the issues, but are not established by proof, are presumptively harmful. On the other hand, authority is even more abundant in support of the rule that the jury will not be presumed to have awarded compensation for a loss not fully shown by the evidence. The latter presumption is at least not inferior in its importance and should not give way to the former, however applicable in a proper case, unless the record presents strong evidence that the jury based its award, in part, at least, on an element of damage which required definite proof and, in so doing, must necessarily have entered the realm of speculation. On reference to the record in this case it appears that the third ground of appellant's motion for a new trial challenged the assessment of damages as excessive. This specification of the motion required the circuit court to examine carefully the evidence on the question of damages and if, in its opinion, the award was not fully sustained by proof *actually* before the jury, a new trial should have been granted or a remittitur ordered. The presumption in favor of correct action on the part of the trial court is one of the strongest presumptions applicable to the consideration of a cause on appeal and is of particular importance in determining

questions which affect the weight or sufficiency of the evidence to sustain each issue of the jury's verdict. *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462, 469, 34 N. E. 227; *Christy* v. *Holmes* (1877), 57 Ind. 314.

If an instruction on the measure of damages erroneously authorizes a recovery for elements of loss which are outside the issues, the conclusion may rightly follow that the same error of law has influenced the trial court's decision as to the sufficiency of the evidence to sustain the award, or, in case the amount of the verdict is such as plainly to indicate prejudice, partiality or other undue influence, that fact will negative the presumption that the evidence was properly reviewed in passing on the motion for a new trial. In the present case, however, it must be noted that although appellant's motion contains a specification that the damages assessed by the jury are excessive, that specification is abandoned in the statement of errors here relied on for a reversal. *Judy* v. *Woods* (1912), 51 Ind. App. 325, 327, 99 N. E. 792. This fact operates as a waiver of any contention that the award of the jury must have been influenced by prejudice, partiality, corruption or other improper motive (*Knight* v. *Lee* [1881], 80 Ind. 201, 207), and authorizes a full application of the presumption that the trial court has reviewed the evidence on the question of damages and found that the verdict is properly sustained thereby. Where, as in this case, the jury is instructed that it *may* allow compensation for expenses, *if any,* necessarily incurred by the plaintiff in attempting to effect a cure of his injuries, the charge, in effect, prohibits such allowance unless said expenses and their amounts are shown by the evidence, and the presumption is that the jury so understood the instruction. *Conrad* v. *Cleveland, etc.,*

R. Co. (1904), 34 Ind. App. 133, 137, 72 N. E. 489.
The true rule, then, is that if the instruction is

25. within the issues tendered by the pleadings and the trial court appears properly to have determined as an issue of fact that the award is not excessive, it will be presumed on appeal that such award is in accord with the evidence and the error, if any, in the instruction will be deemed harmless, in the absence of express showing to the contrary. *Cleveland, etc., R. Co.* v. *Lynn, supra; Thomas Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 669, 91 N. E. 933; *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61, 70, 39 N. E. 246; *Chicago, etc., R. Co.* v. *Roth* (1915), 59 Ind. App. 161, 166, 107 N. E. 689, 108 N. E. 971; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 416, 97 N. E. 822; *Indianapolis Traction, etc., Co.* v. *Ulrick* (1909), 45 Ind. App. 149, 90 N. E. 321; 2 R. C. L. 199, §170; 4 C. J. 781, §2732.

No error appearing in the record, the judgment of the circuit court is affirmed.

Lairy, C. J., dissents.

Myers, J., dissents on the ground that instruction No. 8 is clearly erroneous and the record fails to show that it was harmless.

## DISSENTING OPINION.

LAIRY, C. J.—I am of the opinion that the petition for rehearing ought to be granted and that the judgment appealed from should be reversed.

The majority opinion states the objections urged to instruction No. 6 as being: (1) That it erroneously construes the ordinance as imposing a duty on appellant as one of the users of the streets; and (2) that it improperly authorizes the jury to determine as a matter of law what acts would constitute a violation of the

ordinance as well as to pass on appellant's guilt in the commission of such acts.

As to the first of these objections, the principal opinion holds that the ordinance may be properly construed as granting to fire companies while going to a fire or returning therefrom a right in the streets superior to that of others using the streets in the ordinary way, and that as a corollary it imposes the duty on others using the streets to so regulate their use of such streets as to respect the superior right of such fire companies. The writer is of the opinion that such a company under the circumstances stated has a superior right in the use of the streets at common law by reason of the urgency and importance of its mission and the necessity for haste in reaching the place of the fire, and that the ordinance in question does not enlarge its rights in this respect but requires the giving of certain specified signals as an incident to the exercise of the right. However, it can make no material difference whether the superior right of the fire company in the use of the streets exists at common law or whether it is conferred by the ordinance, as the effect would be the same in either case; and for this reason no fault can be found with the majority opinion in so far as it holds that fire companies have such superior right. The effect would be to require other persons using the streets to recognize the superior right of the fire company and to impose upon them the duty of exercising reasonable care to conform their conduct to the use thus recognized. At common law ordinary care in the performance of this duty would require them to do such acts and to observe such precautions as persons of ordinary prudence would deem proper under like circumstances, having in view the superior rights of the fire company. What particular acts of care or precaution should be observed in the exercise of due care in a particular case must gen-

erally be a question of fact for the jury and not one of law for the court.   An ordinance may require that a particular act must be done or that a specified precaution must be observed and thus remove the act or precaution specified from the realm of fact and place it in the realm of law.   When an ordinance does this, the court can say that the ordinance requires the performance of the acts and the observance of the precautions specified, and that a failure to comply with the ordinance in those particulars is negligence as a matter of law, or negligence *per se*; but unless the ordinance does specify some particular act or precaution the common law applies, and it remains in the province of the jury to find what acts or precautions ordinary care required.

The standard of care fixed by the common law is "ordinary care"—that is, such care as persons of reasonable prudence would use under like circumstances. As to what particular acts or precautions would constitute ordinary care under any given state of circumstances and conditions, is, as a general rule, a question of fact for the jury and not one of law for the court. To this rule there are some recognized exceptions which are not material here.   Negligence becomes a matter of law when a statute or ordinance has fixed a certain and definite standard of care other than that required at common law.   An ordinance which is so indefinite that the court cannot say what specific acts or conduct is required to comply with its terms cannot be said to fix a standard of care different from the common-law standard.   Such an ordinance or statute cannot serve as a basis upon which to predicate negligence *per se*. It does not change the common law, and negligence at common law is generally a question of fact.   By the common law, the defendant was required to employ such acts and precautions as ordinary care required under the existing circumstances and conditions and the ordi-

nance required nothing more. To say that the ordinance required others using the streets to yield to the superior right of the fire company and thus grant the privilege of the street means nothing more than that they were required, as at common law, to exercise ordinary care to that end, in the absence of some specific provision in the ordinance defining what acts should be done or what precautions should be observed. It cannot be supposed that the ordinance was intended to mean that all other persons using the street should abandon it on the approach of fire apparatus so as to give an absolutely free and unobstructed street for its passage. Every person, vehicle and street car in the street, whether moving or standing, interferes to some extent with the free use of the street by others. It would be unreasonable to hold that the ordinance required all traffic to vacate in order to allow fire apparatus the privilege of an unobstructed street; and yet, if it does not require that, what does it require? Can the court define its requirements? If not it is too indefinite to be made the basis of a charge of negligence *per se*. The jury cannot be permitted to define its requirements and then determine that it was violated. The ordinance does not specify any act which shall be done, and therefore the court cannot direct the attention of the jury to any act and direct them that the failure to observe it is negligence. Unless the court can tell the jury what acts or precautions an ordinance requires, it cannot rightly state as a matter of law that a violation of the ordinance constitutes negligence. Under such a state of the case, negligence was a question of fact for the jury and not one of law for the court.

This instruction does assume that the ordinance under consideration required the defendant to do some act or to observe some precaution, not required at common law, in order to grant to the fire company the

free use of the street and states that if it violated the ordinance in this respect it was guilty of negligence as a matter of law. It does not attempt to tell the jury what the ordinance required defendant to do in order to comply with its terms, but it leaves the jury to determine what the ordinance required the defendant to do in order to grant the privilege of the street to the fire company. If the court could not tell what the ordinance required in this respect, it should not have submitted the question to the jury so as to allow it to make a guess. The court should never submit the meaning or construction of an ordinance to a jury. I am of the opinion therefore that the instruction is open to the second objection pointed out in the prevailing opinion, namely, that it erroneously submitted a question of law to the jury for its determination, and authorized the jury to determine what acts were required by the ordinance and what acts would constitute a violation of its terms.

If appellant was guilty of negligence in this case, it was because it failed to observe ordinary care at common law, and not by reason of its failure to observe the terms of the ordinance under consideration. The prevailing opinion points out two objections to instruction No. 6 and goes into quite a lengthy discussion in disposing of the first one, the holding being that the ordinance may be properly construed as granting to fire companies a superior right in the street and that as a corollary to such right a duty was imposed on others using the street to recognize this right and to use ordinary care with reference to such superior right. I have no objection to find with the result reached by the majority of the court in holding that the instruction is not erroneous in placing such a construction on the ordinance. This phase of the question has not been regarded as of serious importance, but the question raised

by the second objection pointed out is serious. The prevailing opinion disposes of this question in one short paragraph. It states that the conclusions reached in disposing of the first question serve to dispose of the second objection, since they make it clear that the instruction authorized the jury to determine only issues of fact. The third issue of fact thus submitted as designated in the majority opinion was: "whether appellant's employes failed to yield the right of way to appellee in compliance with the ordinance." This question, however, involves the decision of a question of law—namely, what acts or precautions did the ordinance require of appellee in order to yield the right of way to the fire department, or, in other words, what did the ordinance require appellant to do in order to comply with its terms in that respect? This was a question of law to be determined by the court from the language of the ordinance and it should not have been submitted to the jury. Before the jury could possibly decide whether the defendant's servants had done the things required by the ordinance, it would of necessity have to determine what the ordinance by its terms required. If the ordinance by its terms required any specified thing to be done, the court should have told the jury what it was and should then have left it to the jury to say whether or not it had been done; but, if the ordinance required nothing more specific than the requirements of the common law, then the court should have submitted the question of defendant's negligence to the jury as a question of fact to be determined from a consideration of what ordinary care required irrespective of the ordinance. The error is not a harmless one. The instruction gave the jury to understand that the ordinance by its terms required appellant to do something other or different from what the common law required, and that the failure on the part of the de-

fendant to do the thing which the ordinance required made it guilty of negligence as a matter of law.

The prevailing opinion sets out a portion of the evidence most favorable to appellee. There has never been any doubt as to the sufficiency of the evidence to sustain a verdict in favor of appellee based on common-law negligence, and that is not the question which the opinion discusses or decides. The principal question decided is the correctness of an instruction. The evidence set out could be of no value in determining whether the instruction was correct or erroneous. It is true that the evidence may be of such a character as to show that an erroneous instruction was not prejudicial, but that is not the purpose of setting out the evidence in this opinion. The opinion holds that the instruction ·is correct and not erroneous, and no attempt is made to show that the error pointed out, if conceded to be error, was harmless. If it could be shown that the error to which I have called attention did not affect the verdict, I would gladly agree to an affirmance of the judgment; but I cannot agree to an opinion which holds the instruction under consideration to be a correct statement of the law. To my mind, the court in giving this instruction lost sight of the line of demarcation which divides the duties of the court from the province of the jury. The principles which define the powers of the court and distinguish them from those of the jury are so important that they cannot be ignored without destroying the very foundation upon which all jury trials rest. I am of the opinion that instruction No. 6 was erroneous and prejudicial and that the giving of such instruction constituted reversible error.

I am also of the opinion that reversible error was committed by the giving of instruction No. 8 referred to in the prevailing opinion. After calling the attention

of the jury to a number of elements proper for their consideration in fixing the amount of damages, the instruction informed the jury that it might consider all expenses incurred by appellee in attempting to effect a cure of said injuries, if any. Appellant objected to this part of the instruction on the ground that there is no evidence in the record from which the jury could have been authorized to find that appellee had expended any amount of money or had incurred any liabilities in an attempt to be cured or healed of his injuries.

As to the question thus presented, I am in full accord with the views expressed in a former opinion in this case. *Indianapolis Traction, etc., Co.* v. *Hensley*, 105 N. E. 474. In that opinion, speaking for the court on this subject, Justice Erwin said: "In the trial of the cause, evidence was introduced which established the fact that appellee was treated by a physician for his injuries; had a brace prepared to support his head; had made a trip to Florida; had stopped at hotels; at a farm; had been taken to the country; had been treated by physicians both before and after his return from Florida; is still being treated by a physician; that several doctors had been in consultation, one a nerve specialist. There was evidence as to trouble in nursing and caring for appellee, but no evidence as to the cost or expense incurred for any of the things that was done to cure himself, and as far as the testimony shows he incurred no expense. Appellee alleges in each paragraph of his complaint: 'That he has spent large sums of money for doctor bills and medical treatment, in an effort to heal himself, and restore himself to health.' In *Chicago, St. L., etc., R. Co.* v. *Butler*, 10 Ind. App. 244-258, 38 N. E. 1, that court held an instruction, similar to this one, erroneous, citing numerous authorities. This court has cited that case with approval in *Cleveland, etc., R. Co.* v. *Case*, 174 Ind. 369-377, 91 N.

E. 238. Appellant contends that, as the instruction contained the words, if any, after stating that the jury should consider among the elements of damages all expenses incurred, etc., the jury were not warranted in considering that evidence if there was none on the subject. In *Cleveland, etc., R. Co.* v. *Case, supra,* numerous cases are cited wherein this court held that the instructions should be relevant to the issues and pertinent to the evidence, and if an instruction is given concerning a fact, or set of facts, to which no evidence has been adduced, it will be reversible error unless it clearly appears that the party affected was not harmed thereby. *Hanes* v. *State,* 155 Ind. 112, 57 N. E. 704. In *Blough* v. *Parry,* 144 Ind. 463, 40 N. E. 70, 43 N. E. 560, the court used the words, 'if the jury believe from the evidence,' etc., and, no evidence being introduced on that subject, this court held the instruction erroneous. In *Hays* v. *Hynds,* 28 Ind. 531, this court said: 'Instructions should be pertinent to the case. Juries are apt to assume, and are justified in assuming, that they are applicable, * * * and unless the jury utterly disregard the instructions, it could scarcely fail to mislead.' In *Hill* v. *Newman,* 47 Ind. 187, the court in its instruction used the words, 'if the jury believe from the evidence.' This court held the instruction erroneous because it referred to matters outside of the evidence. Instruction No. 8 was erroneous, and we cannot say, in view of the amount of damages awarded, that the instruction was harmless."

The prevailing opinion conceded appellant's position as to the state of the evidence as shown by the record, and the authorities cited by Erwin, J., in support of the part of his opinion quoted are not referred to or discussed. Under those authorities the giving of the instruction under consideration was reversible error. If these cases cannot be distinguished, it is the duty of this

court to follow them if they are sound, or if unsound they should be directly overruled. The prevailing opinion does neither.

NOTE.—Reported in 115 N. E. 934. Street railroads: (a) liability of, for injuries caused by collision with fire apparatus, 19 L. R. A. (N. S.) 623, L. R. A. 1917 E 415; (b) duty of, in use of streets, 25 Am. St. 481; (c) operation of car in violation of a municipal ordinance as negligence *per se*, 9 Ann. Cas. 840, Ann. Cas. 1913 E 1100. Evidence, judicial notice as to municipal ordinances, 5 Ann. Cas. 614, Ann. Cas. 1914 C 1232, 16 Cyc 898. Care required of fire apparatus to avoid collision with a street car or other vehicle in the street, Ann. Cas. 1913 E 231. See under (1) 36 Cyc 1513; (15) 36 Cyc 1496; (16) 36 Cyc 1561.